# DECISIONS

OF THE

# Kentucky Court of Appeals.

## SEPTEMBER TERM, 1897.

CASE 87—PETITION ORDINARY—SEPTEMBER 22.

## Davis v. Norman, Auditor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. COSTS—CLERK'S FEES—LIABILITY OF STATE.—The State will never be held to be indebted by implication; and as there is no provision for the payment of clerk's fees in actions instituted by a county attorney in the name of the State, under sec. 17, art. 9, chap. 92 of the General Statutes, to recover possession of lands bought by it for taxes, the State is not liable therefor.

W. H. HOLT FOR APPELLANT.

1. If the tax debtor redeems his land within the two years provided by the statute, he is required to pay the costs, and if he does not, the State owns the land, so the State either gets the taxes and the costs or the land; and it is provided by the statute where the State is the litigant, in the event of collection that the fees "shall be the same as for similar services in civil cases," (Gen. Stat., p. 942). Therefore the rule that the State can not become debtor to its officers by implication does not apply, as there is an express recognition of liability for its own costs in a civil action.

L. C. NORMAN FOR APPELLEE.

1. The agreed facts show that the lands sued for were not redeemed by the owners after the suits were brought, and there is no

authority of law for the payment of such costs, and the State will never be made a debtor to its agents by implication. 'Bates v. Foree & Co., 4 Bush, 430; Commonwealth v. Todd, 9 Bush, 708; Wortham v. Grayson County Court, 13 Bush, 53.

W. J. HENDRICK AND W. S. TAYLOR OF COUNSEL ON SAME SIDE.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The material facts in this case are as follows:   The appellant, Davis, was clerk when the services were rendered by him and they were for the Commonwealth, and in the suits as named in the fee bills, respectively, and which suits were in the Carter Circuit Court; that said suits were brought by the county attorney of Carter county, Ky., and in the name of the State to recover the possession of lands that had been bought by it for taxes, as provided in section 17, article 9, chapter 92 of the General Statutes, and the costs in contest are those upon behalf of the State only.   It is also agreed that judgments were rendered in only two cases, the rest being dismissed.

The lands sued for or any of same were not redeemed by the owners after the suits were brought; that each and all of said fee bills were indorsed as correct by the county attorney of Carter county and properly allowed, and have been presented to said auditor for payment, or that he issue his warrant therefor, demanded, but refused, January 4, 1894.

The Franklin Circuit Court adjudged against appellant, and refused to issue the mandamus prayed for, and appellant has appealed.

The appellant's contention is that this being a civil suit the State is bound to the clerk for his fees, the same as an individual would be bound.

The contention of appellee is that there is no law requiring the State to pay the fees in question, hence the judgment of the court below should be affirmed.

It is a well settled rule of law that the State is never to be made a debtor by implication, hence unless the law clearly requires the State to pay the fees in question the judgment below should be affirmed. The question of the liability of the State for costs has been legislated on in several instances, and if it had been the intention of the legislature to place the State on the same footing with individuals as to costs, not specifically named, it would seem that such provision would have been specifically enacted.

Section 1, page 252, General Statutes, entitled "Claims upon the Treasury," reads as follows: "The amount, not exceeding $5 per day, allowed and certified by the court to an attorney for taking depositions when required by the auditor in a case in which the Commonwealth is a party; also the legal cost of said suit, when certified by the court in which it is pending or has been decided," seems to us to refer to only such suits as were under the management and control of the auditor, and, besides, by the act of April 24, 1880, the auditor was authorized to reject claims allowed by the courts, if in his judgment same were illegal. The term "legal costs of said suits" could mean only such costs as the law required the State to pay.

It is provided in article 18, section 1, General Statutes, "that no officer shall demand or receive for his services any other or greater fee than as allowed by law, or any fee for services rendered, when the law has not fixed any

compensation therefor." It is also provided in said section "that no fee bill shall be made out or compensation allowed hereafter for any *ex officio* service rendered, or to be rendered by any officer."

It will be seen that the suits in question were instituted under the provisions of section 17, article 9, chapter 92, of the General Statutes, and that the only provision in that chapter providing for the payment of costs is that in the event the owner of the land should redeem same that he should pay the costs of the suit, and finding no provision authorizing the institution of the actions, which requires the State to pay any costs or fees, it seems to us that no claim exists against the State therefor. It may be that the State would lose largely by paying the costs of such suits is no reason for denying the relief, but it may be some reason why the legislature, in providing for the institution of such suits, took care not to require any party, except the party redeeming the land, to pay such costs; moreover, the prime object of bringing these suits is, doubtless, to enforce the collection of taxes due from the citizens, and all persons, including the clerk, are benefitted by the full and complete collection of taxes.

It has ever been the policy of the legislature to require of its officers and citizens more or less service without compensation, and it is no particular hardship on the appellant in this case. Officers have privileges and facilities for collecting their fees superior to those of the common citizen, and if it sometimes happens that they have to render considerable service to the State without compensation, it is no more than an equivalent for the extra privileges conferred. Many

citizens are required to attend as witnesses in examining courts and in trials for misdemeanors in the circuit court for which they receive no compensation.

In Wortham v. Grayson County Court, 13 Bush, 57, in discussing the question of fees of county court clerk, the court said: "It is a sufficient answer to state that the State and county governments of this country never became debtors by implication to any of their agents, and that in order to hold them or any of them responsible for a claim, the claimant must show legal obligation on their part to pay it * * * This may seem a great hardship on the person who performed the services, but he must remember that all citizens of any government perform public services without remuneration, except the protection and security to life, liberty and property afforded by it."

It appears from this record that there were seventy-four suits instituted, and all but two dismissed, and it nowhere appears that the State has received any benefit resulting even from the recovery in the two cases.

Judgment affirmed.