## BRITTON v. YOUNG ET AL.

[No. 5,321.    Filed June 6, 1905.    Rehearing denied December 5, 1905.]

1. TRIAL.—*Instructions.—Assault and Battery.—Conspiracy.— Civil.—Gravamen of Action.*—Where a paragraph of complaint seeks damages for an assault and battery resulting from an alleged conspiracy to drive plaintiff out of town and to break up his business, an instruction that the gravamen of the material part of such paragraph is the charge of conspiracy is erroneous, plaintiff being entitled to a verdict upon proof of the assault and battery.    p. 624.

2. SAME.—*Instructions.—Invasion of Province of Jury.—Conspiracy.—Civil.—Assault and Battery.—Failure of Defendants to Visit Plaintiff.*—The failure of defendants to visit plaintiff after his injuries, all being residents of a small village, is competent evidence tending to sustain an action by plaintiff against defendants for damages for an assault and battery resulting from an alleged conspiracy to drive plaintiff from home and to break up his business, and an instruction that such failure can not be thus considered is erroneous as invading the province of the jury.    p. 624.

3. ASSAULT AND BATTERY.—*Offensiveness.—Justification.*—It is no justification for an assault and battery upon plaintiff that he was offensive to part or all of the neighbors or citizens of the community, the law furnishing a sufficient redress.    p. 626.

4. SAME.—*Conspiracy.—Damages.*—The gist of the civil action for an assault and battery resulting from a conspiracy is the injury done to the plaintiff, and a conspiracy without injury to plaintiff is not actionable.    p. 627.

5. SAME.—*Conspiracy.—Persons Liable.*—Where plaintiff shows an assault and battery resulting from a conspiracy against him, he is entitled to a judgment against all of the conspirators whether present or not at the commission of such assault and battery.      p. 627.

From Monroe Circuit Court; *Joseph E. Henley,* Special Judge.

Action by Joseph M. Britton against Jacob B. Young and others.    From a judgment for defendants, plaintiff appeals.    *Reversed.*

*East & East,* for appellant.

*Slinkard & Slinkard,* for appellees.

ROBY, J.—Amended complaint in three paragraphs by appellant against appellees, fourteen in number. It is variously averred that the appellees assaulted, bruised and beat appellant in the presence of his family, in his house, in the night-time, with their fists, switches, clubs and sticks, to his damage. It is averred in the first paragraph that such assault and battery was committed in pursuance of a conspiracy between appellees to drive the appellant out of town, and to prevent him from continuing his business, the sale of drugs and groceries at retail, in Newark. The issue was made by a general denial. The venue of the cause was changed from Greene to Monroe county, where a trial was had by jury and a verdict returned for the appellees. The only error assigned is in overruling appellant's motion for a new trial.

Evidence was introduced to the following effect: Appellant had lived in Newark two years before the alleged assault, and kept a retail drug store. The town had a population of nineteen families, the larger part of which are represented by appellees. On April 4, 1899, between 12 and 1 o'clock at night, appellant was taken from his house by a crowd of men, and seriously beaten with clubs, switches and picket slats. He and his family made a great deal of outcry. All of the appellees except four lived in the village, and within hearing of his cries. No one except the parties engaged in the beating came to the scene. None of the appellees or their families ever visited appellant after the beating. Prior thereto one appellee had said that Britton's drug store would be "in the middle kettle of hell;" that Britton would be whipped, and would have to leave town; three others said that he would be whipped and have to leave town. Lights were burning in two of the appellees' houses a little before the whipping commenced. Appellees nearly all lived within a few hundred feet of appellant's house. The beating lasted fifteen minutes. Wounds were

cut in the appellant's flesh from his shoulders to his knees, and the blood flowed from his body in perhaps a hundred places. Some of the participants held his wife and children while others beat him, demanding that he leave town, and not prosecute. There was much other evidence tending to show guilty knowledge of the contemplated outrage by a number of the appellees, and other circumstances tending to support the testimony, appellant and his family positively identifying the appellees as the persons committing the assault. The appellees denied making the statements above enumerated, testified that they were not present at the whipping, and were in that respect corroborated by members of their families. This statement of evidence is essential to a consideration of the questions presented on instructions.

In the third instruction given by the court to the jury at the request of the appellees it was stated that the gravamen of the first paragraph of complaint is a charge of conspiracy: "The first paragraph of complaint proceeds upon the theory that the defendants conspired and confederated together for the purpose of performing the unlawful acts and doing the things alleged therein, and the gravamen of the material part of that paragraph is a charge of conspiracy." This instruction was erroneous. Proof of the commission of the assault and battery averred entitled the appellant to recover. *Severinghaus* v. *Beckman* (1892), 9 Ind. App. 388; *Mendenhall* v. *Stewart* (1897), 18 Ind. App. 262; *Anderson* v. *Oskamp* (1894), 10 Ind. App. 166, 167.

The jury were further given, at the request of the appellees, the following instructions: "(10) In this case the fact, if it be a fact, that the defendants disliked the plaintiff and his family, and for that reason did not visit him after he was whipped, but remained away, can not be considered by you in this case, unless you find by a preponderance of the evidence that the defend-

ants did the acts and things charged in the complaint, for the good reason that unless they did the unlawful acts charged, the motive which kept them away would not be unlawful, no matter how much they disliked the plaintiff and his family." The appellant had a right to have all relevant evidence, including circumstantial, submitted to the jury and considered and weighed by it in connection with the issue as to the appellees' participation in the assault and battery. By this instruction the consideration of a relevant circumstance was withdrawn from the jury, and they instructed to consider it only in event that the main fact was established by a preponderance of the evidence, thereby depriving appellant of the benefit of a pertinent fact. This instruction was emphasized by the ninth instruction given at appellees' request.

A portion of the sixth instruction given at appellees' request was as follows: "Each and every citizen has a right under our laws to the enjoyment of life and pursuit of happiness, and under these guarantees each citizen may choose his associates and those with whom he desires to visit, and this he may do with or without cause." The same statement is in substance contained in the seventh and eighth instructions of the series, and appellees support them upon the theory that the court did not thereby tell the jury that the facts enumerated could not be considered by it, but only that in the absence of proof of the commission of the assault and battery charged such actions would be blameless. The import of the instructions, however, was to withdraw relevant facts from consideration, and they should not have been given. Whether an act of omission of the sort referred to was or was not blameless is not a question of law, but a question of fact to be determined by the jurors, and depending to some extent upon the dictates of humanity and grade of civilization existent.

The personal character and conduct of the appellant seems to have been distasteful to the majority of the members of the community where he lived. The assumption of power to regulate individual conduct through the medium of clubs, whips and picket slats is a very dangerous assumption. It might be difficult even in the town of Newark to stop at just the place to please all of the nineteen families, and he would be a very bold man who should venture to join the community, taking chances of popular disapproval, based upon facts beyond his control, and emphasized by penalties so arbitrary and severe. The law furnishes a standard of conduct and ample remedy for lawlessness. In its enforcement against all, in its observance by all, lies the safety and happiness of all.

Judgment reversed, cause remanded with instructions to sustain the motion for a new trial and for further consistent proceedings.

## On Petition for Rehearing.

Roby, C. J.—In support of this petition, appellees' counsel have presented earnest and extended argument. They state many facts relative to the beginning and progress of the cause, which, although aside from the record are interesting and novel, in view of them it would seem that appellees might safely have permitted the jury to determine what weight, if any, should be attached to the fact that the defendants did not visit appellant after he was whipped. The individual members of that body were undoubtedly competent to determine that question of fact. We still think that by the tenth instruction heretofore set out the court withdrew it from such consideration.

It is alleged in the first paragraph of complaint that the defendants conspired and combined to drive the plaintiff out of business, out of the community, and to wrong and injure him by assaulting and beating him, all of which objects are averred to have been in some degree accomplished.

Counsel say: "On the question of shutting off his trade, inducing others not to trade with him, preventing him from buying from wholesale houses, and all such other nonsense, there was an absolute failure of proof." That there was evidence tending to establish an unlawful beating is sufficiently shown by the opinion heretofore filed. Counsel, however, argue that "The gravamen of this paragraph is an unlawful conspiracy," and that this court is not justified "in changing the theory of the trial of the cause in the court below," and that "A conspiracy to commit an unlawful act by three or more persons, in the night-time, is a felony."

The crime of conspiracy, both at common law and by statute, does not depend upon overt acts in pursuance thereof, but "the combination or confederacy, which in criminal conspiracy is said to be the 'gist of the offense,' wholly lacks the quality of an essential requisite in the civil injury." 6 Am. and Eng. Ency. Law (2d ed.), 872. "The gist of a civil action for damages is simply the injury done to the plaintiff. Therefore, a conspiracy alone is never sufficient to support an action for damages. Something pursuant to the conspiracy must be done from which legal damage and injury has proximately resulted to the plaintiff." 6 Am. and Eng. Ency. Law (2d ed.), 873.

If the plaintiff was assaulted and beaten in pursuance of a conspiracy among all the defendants he might recover judgment against them all, although the actual beating was done by a part of them only; but, in any event, he would be entitled to judgment against those who participated therein. §577 Burns 1901, §568 R. S. 1881.

The third instruction was evidently requested and given without recalling the distinction between civil and criminal conspiracy.

The petition for rehearing is overruled.