## JACKSON *v.* LOFTIN.

### Opinion delivered February 5, 1912.

1.  COSTS—RECOVERY AT COMMON LAW.—The right to recover costs did not exist at common law, and the statutes must be looked to for the authority to recover costs in any given case.   (Page 144.)

2.  SAME—LIABILITY OF COUNTY.—Kirby's Digest, section 6338, authorizing prosecuting attorneys in certain cases to file information before justices of the peace, and providing that "in such cases no bond shall be required for costs of prosecution," does not expressly or impliedly make the county liable for costs where there has been an acquittal in such cases.   (Page 145.)

Appeal from Jackson Circuit Court; *Charles Coffin*, Judge; reversed.

*Otis W. Scarborough*, for appellant.

A county is not liable for costs accrued in prosecuting misdemeanor cases in justice of the peace courts on information, where the defendants are acquitted.   The right to recover costs rests upon statutes only.   60 Ark. 194;   95 Ark. 85; 32 Ark. 51, 52;   25 Ark. 235;   Kirby's Digest, § 1458;   56 Ark. 581;   57 Ark. 487;   64 Ark. 203;   23 Ark. 540;   39 Ark. 291; 46 Ark. 147.

*Ira J. Mack*, for appellee.

Since under the statute the justice of the peace must proceed with a case when the prosecuting attorney files information, and since in all other misdemeanor prosecutions he can require bonds to protect the officers in the payment of their fees, whereas the prosecuting attorney may proceed without such bond, the "fair intendment" of the statute is that, in such cases, in the event of acquittal, the county shall pay the costs, it receiving the benefit of all convictions under Kirby's Digest, § 7183.   57 Ark. 487;   52 Ark. 192.

WOOD, J.   The question on this appeal is:   "Are counties liable for costs in misdemeanor cases tried in justices' courts where the defendants are acquitted?"

This court held in *Wilson* v. *Fussell*, 60 Ark. 194:   "That the right to recover costs did not exist at common law.   It rests upon statute only, and it is to the statute we must look for the authority to recover costs in any given case."   See also *Buckley* v. *Williams*, 84 Ark. 187;   *Buchanan* v. *Parham*, 95 Ark. 81.

The appellee contends that he is entitled to his costs under section 6338 of Kirby's Digest, giving authority to the prosecuting attorney in certain cases to file information before a justice of the peace, and making it the duty of the justice of the peace in those cases to issue a warrant for the arrest of the offender; and providing, "In such cases no bond shall be required for costs of prosecution."

The appellee contends that, inasmuch as he was required to perform the services under the above statute, and as he did not have authority to require bond in such cases, the county is liable for his services, since, if the offender had been convicted, the county would have received the benefit of the fine.

Appellee insisted that the statute, by fair intendment, makes the county liable for the costs where there has been an acquittal. The statute does not expressly nor by fair intendment make the county liable for costs where there has been an acquittal in the misdemeanor cases mentioned therein. See *Logan County* v. *Trimm,* 57 Ark. 487.

Section 1458 of Kirby's Digest prohibits the county court from allowing "to any officer any fee not specifically allowed such officer by law, and in no case shall constructive fees be allowed to or paid officers by any county of this State." See *Logan County* v. *Roady,* 56 Ark. 581; *Prairie County* v. *Vaughan,* 64 Ark. 203.

Section 3534 of Kirby's Digest provides that "officers required to perform any duty for which no fees are allowed shall be entitled to such pay as would be allowed for similar services." But section 1458, *supra,* was enacted after section 3534, and therefore expressly takes counties out of the operation of the latter section. *Logan County* v. *Trimm, supra.* Moreover, section 3534, *supra,* can have no application to counties, for counties are not mentioned therein, and it is a general statute. It is a well settled rule of law "that in the construction of statutes declaring or affecting rights and interests, general words do not include the State or affect its rights, unless it be especially named, or it be clear by necessary implication, that the State was intended to be included. Counties are civil divisions of the State for political and judicial purposes, and are its auxiliaries and instrumentalities in the administration of its government." *Cole* v. *White County,* 32 Ark. 45.

The services performed by appellee which the statute required, but for which no allowance is made, is one of the burdens attached to the office which appellee took when he was elected thereto.

The judgment of the circuit court allowing the fees is erroneous, and is therefore reversed, and the cause dismissed.