E. G. DICKSON, Appellant, v. H. C. YOUNG et al., Appellees.

**LIMITATION OF ACTIONS:** Computation of Period—Amendment in re
1  **Conspiracy.** A pleader does not, in legal effect, change the nature of
his cause of action by striking from his petition the allegation that
the defendants ''conspired, colluded, and confederated together,''

and by substituting therefor the allegation that the defendants "acted together jointly and aided and abetted each other." (See Book of Anno., Vol. 1, Sec. 11007, Anno. 480 *et seq.*)

**CONSPIRACY:**  Civil Liability—Overt Act Necessary.  A conspiracy
2  which is followed by no overt act furnishes no basis for a civil action.

Headnote 1:  12 C. J. p. 585 (Anno.); 37 C. J. p. 1070.  Headnote 2: 12 C. J. p. 581.

Headnote 1:  17 R. C. L. 816.  Headnote 2:  5 R. C. L. 1066.

*Appeal from Davis District Court.*—D. W. HAMILTON, Judge.

### OCTOBER 19, 1926.

Plaintiff appeals from a judgment sustaining a demurrer to his amended and substituted petition as amended.—*Reversed.*

*Mabry & Mabry, Roberts & Roberts,* and *T. P. Bence,* for appellant.

*Bates & Dashiell, Charles H. Elgin, Payne & Goodson, Henry C. Taylor,* and *Heinrich Taylor,* for appellees.

*Verne J. Schlegle,* for appellees J. G. Stone and John Waybill.

MORLING, J.—This case was recently before us (*Dickson v. Young,* 199 Iowa 589, to which reference may be had for a more complete statement of it).  Within the period allowed by the

1. LIMITATION OF
ACTIONS: compu-
tation of period:
amendment *in re*
conspiracy.

statute of limitations, the plaintiff filed an amended and substituted petition, alleging that the defendants maliciously "conspired, colluded, and confederated together" in instituting and maintaining criminal proceedings against plaintiff for violation of the "espionage act," in which he was exonerated; that the proceedings, which are set out in detail, were instituted and conducted by defendants maliciously and without cause. After our decision referred to, plaintiff amended by striking out the words "conspired, colluded, and confederated together" and substituting in their place the words "acted together jointly, and aided and abetted each other." Defendants thereupon demurred, upon the ground that the amendment pleaded a new

cause of action which occurred more than two years before, and was, therefore, barred by the statute of limitations. The demurrer was sustained.

The defendants' theory is that the cause of action set out in the amended and substituted petition was one for conspiracy, and that, when the charge of conspiracy was eliminated, the

2. CONSPIRACY: civil liability: overt act necessary.
cause of action pleaded was necessarily changed to a different one. This court is committed to the doctrine that a conspiracy is not actionable civilly unless something is done which without the conspiracy would constitute a cause of action. *Jayne v. Drorbaugh,* 63 Iowa 711; *Beechley v. Mulville,* 102 Iowa 602; *Bitzer v. Washburn,* 121 Iowa 462; *Hall v. Swanson,* 201 Iowa 134; *Young v. Gormley,* 119 Iowa 546.

In civil actions in which plaintiff alleges a conspiracy, the gravamen, gist, or cause of action is not the conspiracy, but the wrong which the conspirators committed in the execution of it, and from the commission of which the plaintiff has sustained injury. Conspiracy is important only to charge each of the participants in it with responsibility for the acts of the others in carrying out its purpose. The petition need not allege the existence of a conspiracy. If it does allege conspiracy, the allegation may be disregarded. If it is not proved, the plaintiff may show by other evidence guilty participation of all of the defendants in the tort which constitutes the cause of action. If plaintiff fails to show guilty participation of all, he will still be entitled to judgment against the one or more whom he proves to be guilty. *Dickson v. Yates,* 194 Iowa 910; *Young v. Gormley,* 119 Iowa 546; *Brackett v. Griswold,* 112 N. Y. 454 (20 N. E. 376); *Green v. Davies,* 182 N. Y. 499 (75 N. E. 536, 3 Ann. Cas. 310); *Boesch v. Kick,* 97 N. J. Law 92 (116 Atl. 796); *Goble v. American R. Exp. Co.* (S. C.), 115 S. E. 900; *Silliman v. Dobner* (Minn.), 205 N. W. 696; *Howland v. Corn,* 146 C. C. A. 227 (232 Fed. 35); *Perry v. Hayes,* 215 Mass. 296 (102 N. E. 318); *Britton v. Young,* 36 Ind. App. 622 (74 N. E. 905); *City of Boston v. Simmons,* 150 Mass. 461 (23 N. E. 210); *Kile v. Anderson,* 182 Wis. 467 (196 N. W. 762). It necessarily follows that the amendment did not change the cause of action. *Brooks v. Seevers,* 112 Iowa 480, relied upon by defendants, does not sustain their contention. In that case, the court, upon an analysis

of the petition and substituted petition, found that, while both alleged malicious prosecution, the transactions set out in them did not appear to be the same. The allegation in the original petition that the conspirators filed the information, and the allegation in the substituted petition that one induced another to file it, were referred to as one of the reasons for holding that the transactions in the two were not the same. The sufficiency of the amended and substituted petition in this case as it stood at first, or as amended, to state facts which would constitute a wrong if no conspiracy were alleged, is not questioned.

The judgment is—*Reversed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.

VERMILION, J., not participating.