MARY MCKAY, Appellee, v. NINA MAY BARRICK, Appellant, et al.

MARCH 12, 1929.

W. W. *White* and *Aymer D. Davis*, for appellant.

*Lundy & Bateson*, for appellee.

MORLING, J.—Appellants move to strike from the record appellee's abstract and denial. Appellee by this abstract and denial denies the correctness of defendants' abstract of the  testimony of the two defendants, and makes substitution therefor. The substituted testimony is set out at unnecessary length, but it omits part thereof shown in appellants' abstract. Appellants have not filed denial, nor have they caused to be certified to this court the record of the testimony in question. A transcript has been filed, but not of this testimony. The motion is overruled.

On the merits, the question argued is whether the plaintiff has made out a case for recovery. The record, as appellants have permitted it to stand, is very meager. It appears, however,  that defendants A. D. Barrick and Onie Barrick incurred an indebtedness to plaintiff, on which she recovered judgment for $4,334.26 and costs. After this indebtedness was incurred, the debtors acquired 18 acres of rural land in Hardin County, which they occupied as a home. Later, two acres were added. Defendant A. D. Barrick also owned some lots in Emmetsburg, which he had contracted to sell. Plaintiff commenced action against A. D. Barrick and Onie Barrick, to recover the amount owed her. Thereupon, in order to prevent the plaintiff from getting the Emmetsburg lots, or the money to be paid by the vendee for them, defendants A. D. Barrick and Onie conveyed the lots to their foster daughter, the defendant Nina May Barrick. A. D. Barrick and Onie Barrick had previously conveyed the Hardin County land to Nina May, the deed for which apparently was not recorded until about the time plaintiff brought the action which has been mentioned. The testimony of A. D. Barrick and Nina May Barrick is to the effect that $5,000, or $5,500, was received for the Emmetsburg lots, and that $1,000

of it was paid on a note of A. D. Barrick's, and $4,285.90 to A. D. Barrick. Nina May's testimony is that $4,000 was used to pay a mortgage on the Hardin County land, and that A. D. Barrick was owing her about $300. A. D. Barrick testifies that he deeded the Emmetsburg property to his daughter for the express purpose of preventing plaintiff from getting it; that, when the money came, he "was to pay his debts around town, and pay her $1,000 * * * She was to take the rest that was left and look after her mother, for doctor and that care of her, after I paid out what I had. * * * I didn't actually mean to keep it away from Miss McKay; I had my own debts I wanted her to pay. * * *" The Hardin County property is still owned by Nina May. Defendants offered in evidence the certificate of discharge of A. D. Barrick in bankruptcy, entered after the recovery of plaintiff's judgment. Execution against A. D. Barrick and Onie Barrick was returned unsatisfied. The court entered decree finding that defendants conspired for the unlawful purpose of putting the properties referred to out of plaintiff's reach and of defeating plaintiff's lien, and that the conveyances were without consideration; that by reason thereof plaintiff has been damaged "in a greater sum than the amount of plaintiff's judgment." Judgment was thereupon entered against Nina May Barrick for $5,541.66, with interest and costs. Defendants, therefore, find themselves in this predicament: Two of them owe plaintiff $4,334.26, for which plaintiff has a judgment against the two,—one discharged, however, in bankruptcy. Plaintiff further has a judgment against the third defendant on an entirely different cause of action, for $5,541.66. Plaintiff has two judgments on different causes of action against different defendants, aggregating $9,875.92, all ultimately on account of the debt of two of them for $4,334.26.

Of the numerous questions that will spontaneously suggest themselves to the mind of the reader, we confine our attention to one.

Plaintiff, at the time of the conveyances in question, had no lien on any of the property which was the subject thereof. Defendant debtors were at liberty to make such disposition of the property as they saw fit, subject to the condition that a conveyance made with intent to defraud creditors might by plaintiff (the necessary conditions being present) be disregarded

as void. She might pursue by legal process the property so conveyed, she might aid her process by suit in equity, or she might proceed by creditor's bill. She had not, however, a cause of action at law against the grantee Nina May for damages. *Lambert v. Reisman Co.*, 207 Iowa 711, and cases there cited; *Bitzer v. Washburn*, 121 Iowa 462. As that which is alleged to have been done by the defendants individually did not give plaintiff a cause of action for damages against any of them individually, it gives her none by force of the additional charge of conspiracy. Id.; 27 Corpus Juris 716; *Dickson v. Young*, 202 Iowa 378. Defendant Nina May Barrick is still the owner of the property. The plaintiff properly commenced her suit in equity to subject it. We need not pause to consider defendants' contention that plaintiff should have had a trustee in bankruptcy appointed, and that such trustee would have been invested with title to property transferred by the bankrupt in fraud of creditors, and with the right to void the transfer. Whatever may have been plaintiff's reason for not proceeding in some form with her suit to subject the property, she had no cause of action for damages. While the action was not changed to the law side of the docket, it was, nevertheless, one to recover damages, and it was a judgment for damages that she obtained in the lower court. She was not entitled to damages in any court, and the judgment cannot be sustained. See *Harvey v. Kirton*, 182 Iowa 973; *Morton v. Woods*, 154 Iowa 728, 733.

We are not to be understood as being of opinion that the evidence shows that the conveyances in question were fraudulent. —*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.