# Commonwealth et al. v. Allen, Circuit Clerk.

(Decided October 24, 1930.)

A. M. RUSSELL for appellants.

HENRY L. SPENCER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

The sheriff of Breathitt county sold the land of 240 taxpayers for their state and county taxes. Thereafter the county attorney prepared 240 suits against these taxpayers, as provided by the statute, to recover possession of the land. He tendered the petitions to the clerk of the circuit court, who refused to file them unless the county attorney would pay him $5 to cover costs in each case.

The county attorney thereupon brought this action in the Breathitt circuit court against the circuit court clerk to require him to file the petitions. The clerk demurred to the petition. The court sustained the demurrer adjudging that the motion for a mandamus, in so far as Breathitt county was concerned, was overruled, and it was adjudged that the commonwealth may sue without payment of cost, but that Breathitt county is

required to pay the cost. From this judgment the plaintiffs appeal.

The ruling of the circuit court is based upon the Acts of 1928 (chapter 110) amending section 1720, Kentucky Statutes. Section 1720 regulates the fees which circuit courts may charge, and by that act these words were added to it:

"That the clerks of the various circuit courts of this Commonwealth shall collect the sum of five dollars ($5.00) on each original action or suit, commencing with original process, in their respective courts. Said sum to be collected when such action or suit is filed and applied as a credit on the costs accruing in such action or suit, and shall not affect their fees now prescribed by law."

The title of the act was simply an act to amend section 1720 of the Kentucky Statutes and did not propose to amend any other statute. When this act was passed, section 885, Kentucky Statutes, provided:

"If the Commonwealth shall be unsuccessful in any case prosecuted in her own right, no judgment for costs shall be rendered against her."

Section 1749 contained this provision:

"No fee-bill shall be made out, or compensation allowed hereafter, for any ex-officio services rendered or to be rendered by any officer."

The common law is in force in Kentucky, except as it has been modified by statute. At common law the sovereign never becomes indebted by implication. So it is provided by statute in Kentucky that claims upon the treasury may only be paid when allowed by law. Kentucky Statutes, c. 20 (sections 340-371). In Wortham v. Grayson County Court, 13 Bush (76 Ky.) 57, where Wortham was presenting certain claims and there was no law authorizing their payment by the fiscal court, the court rejecting the claim said:

"It is a sufficient answer to state that the state and county governments of this country never become debtors, by implication, to any of their agents, and that in order to hold them, or any of

them, responsible for a claim, the claimant must show a legal obligation on their part to pay it."

Following this case in Davis v. Norman, Auditor, 101 Ky. 599, 42 S. W. 108, 19 Ky. Law Rep. 812, where a like claim was presented to the auditor and refused, the court said:

"It is a well-settled rule of law that the state is never to be made a debtor by implication; hence, unless the law clearly requires the state to pay the fees in question, the judgment below should be affirmed. The question of the liability of the state for costs has been legislated on in several instances, and, if it had been the intention of the legislature to place the state on the same footing with individuals as to costs not specifically named, it would seem that such provision would have been specifically enacted."

To the same effect, see Elliott v. Com., 144 Ky. 335, 138 S. W. 300, and Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514.

It is earnestly insisted for appellee that the act of 1928 changed the law. But there is nothing in that act indicating that it was intended to impose a liability upon the state. The rule as to such a statute is well settled, as follows:

"The state, or the public, is not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless expressly named therein, or included by necessary implication." 36 Cyc. 1171.

Breathitt county is an integral part of the state of Kentucky. The taxes levied by its fiscal court are in legal effect the taxes of the state of Kentucky levied by its authority. The duty of levying the local taxes is committed to the local tribunal, but they are still state taxes no less than the taxes levied by the Kentucky Legislature, and there is no more authority for making the fiscal court pay in advance for filing a suit to recover these taxes than there would be to require the commonwealth to pay out of the treasury without any statute authorizing the payment. The fiscal court is just as much without obligation to make such a payment as the auditor would be. Com. v. Hazel, 155 Ky. 30, 159 S. W.

673, 47 L. R. A. (N. S.) 1078. The actions in question to recover possession of the land are simply proceedings provided by law to secure the collection of the taxes and impose no liability on the state or the county.

Judgment reversed, and cause remanded for judgment as above indicated.