## National Bond & Investment Company v. Commissioners of Sinking Fund of City of Louisville, et al.

(Decided January 30, 1931.)

GIFFORD & STEINFELD and MORRIS B. GIFFORD for appellant.

ROWAN HARDIN for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Section 3011a, Ky. Stats., provides:

"The general council may by ordinance provide, in addition to ad valorem taxation for licensing any business, trade, calling, occupation or profession, and the using or holding or exhibiting any animal, article or other thing, whether the same were or were not heretofore enumerated in any statute, and may fix in each case a license fee, all such fees to be paid into the sinking fund of such city."

Pursuant to the statute, the city of Louisville enacted a license ordinance, two sections of which are as follows:

Section 16:

"Every person, firm, or corporation, who negotiates the purchase or sale of bonds, stocks, promissory notes of other securities, or engages in the business of buying or selling bonds, stocks, promissory notes or other securities shall be deemed a stock and bond broker, or financial agent and shall pay a license of Three Hundred Dollars ($300.00) per year."

Section 37:

"Every person, firm or corporation engaged in the business of lending money on assignment of salaries, wages due or to become due, on chatels, or plain notes, shall pay an annual license of Two Hundred Dollars ($200.00)."

This action was brought by the National Bond & Investment Company to restrain the city from collecting a license tax from it under the ordinance. On final hearing the circuit court held that the company was liable for the franchise tax imposed by section 16 of the ordinance. The company appeals.

Only a question of law is presented. There is no dispute as to the facts, which are these: Appellant is a Delaware corporation, its home office is in Chicago, but it has a branch office in Louisville and in it a resident manager and four employees, doing a business of from $35,000 to $65,000 a month. Its business is the buying of notes secured by chattel mortgages on automobiles. It does not buy any other character of paper. When a note is bought in Louisville, it is sent to the Chicago office. The notes are bought from automobile dealers without recourse, the appellant paying the dealer cash for the note and buying the note for itself and not for others. With the view of promoting its business, it furnishes to the automobile dealers the form of mortgage it wants and the form of notes. The dealers discount the notes to appellant at varying rates. Appellant at Chicago issues bonds which, under an arrangement with a bank there, the bank takes secured by the automobile notes as collateral. The notes appellant buys are collected by it. It does not act for the dealer or for any other person and simply buys from the dealer the automobile notes.

It is earnestly insisted for appellant that section 16 of the ordinance above quoted does not apply to it because it simply buys the notes from the dealers and does not any way act as a broker or negiotiating agent. But is will be observed that by the ordinance two classes of persons are required to pay the license: (1) "Every person, firm or corporation who negotiates the purchase or sale of bonds, stock or promissory notes or other securities." (2) "Every person, firm or corporation, who engages in the business of buying or selling bonds, stocks, promissory notes or other securities." Under the admitted facts appellant is clearly engaged in the business of buying promissory notes and falls within the second division. The ordinance was clearly intended to apply to such a business, for otherwise the first clause of the ordinance was all that was necessary. If the ordinance had been intended only to apply to persons acting as brokers or as the agents of others in such transactions, there was no necessity for the second clause. The fact that the ordinance provides that such persons shall be deemed a stock or bond broker or financial agent does not change the legal effect or meaning of the preceding clause of the ordinance; this is only to give a name to the business. One part of the ordinance is not to be read in contradiction of another. Appellant is carrying on the business of buying notes in the city on a large scale; this is its whole business. The ordinance was clearly intended to apply to just such a business.

The ordinance is not a tax on the property employed in the business; it is the license tax for the privilege of conducting the business. It cannot be distinguished from a like tax on pawnbrokers, peddlers, street brokers, and the like.

No right of appellant under the Constitution of Kentucky or of the United States is violated. The tax is not imposed on one who makes a single purchase, but only on those who carry on the business of buying or selling promissory notes, etc., and is valid. Commonwealth v. Hazel, 155 Ky. 30, 159 S. W. 673, 47 L. R. A. (N. S.) 1078.

Judgment affirmed.