R. G. DE VOTIE, Administrator, Appellant, v. CHARLES E. CAMERON et al., Appellees.

No. 43157.

MARCH 10, 1936.

Gillespie & Moody and John L. Gillespie, Jr., for appellant.

Edward L. O'Connor, Attorney General, Le Roy A. Rader, Assistant Attorney General, and Stephens & Wisdom, for appellees.

ALBERT, J.—The fact situation on which these pleadings are based is that, in the conduct of the Iowa state fair over a period commencing on the 22d day of August and ending on the 28th day of August, 1930, as one of the attractions and entertainments the state fair board entered into a contract with the Curtiss-Wright Exhibition Corporation "to furnish the necessary equipment and performers for carrying out aerial exhibition programs in a professional and showmanlike manner, before the grandstand of the Iowa State Fair Grounds, August 22-29, 1930," etc. The exhibition flights for each of the days named were marked out in the contract. In pursuance of this contract the Curtiss-Wright Company carried out its terms and gave the exhibitions on the respective dates referred to. On the 28th of August, 1930, the accident occurred which resulted in the death of this administrator's deceased, Vernon F. De Votie.

It is alleged that the employees of the company drove said airplanes less than 500 feet above the ground and within 300 feet of each other. There were thousands of guests on the fairground at the time. There were three high-powered airplanes in operation, doing stunt flying, over the guests in the fairground. Two of said airplanes collided and one fell to the ground, striking several guests, and fatally injuring the said Vernon F. De Votie.

The fact situation in this case was before the court in the case of De Votie v. Iowa State Fair Board, 216 Iowa 281, 249 N. W. 429. We there held that the Iowa state fair board is an arm of the state, and, being such, is not suable.

To the petition originally filed herein a demurrer was filed, which was sustained; and later plaintiff filed an amended and substituted petition, alleging generally the same facts; whereupon a motion was made to strike the same on the ground that it did not allege any different cause of action than that stated in the original petition and its amendment, to which a demurrer had already been sustained. This motion to strike the amended and substituted petition was sustained, and plaintiff excepts and appeals.

Passing the question of whether or not the plaintiff has any right to discuss the questions raised by the demurrer to the original petition and amendment because he did not stand on the ruling, and appealed, and pleaded over by filing the amended and substituted petition, we will devote our attention to the three questions involved herein.

It is the claim of the plaintiff that, under the facts pleaded by him (which are not all set out in this statement), the defendants, who are the individual members of the Iowa state fair board, were guilty of a conspiracy to do illegal acts, and are therefore liable to respond in damages personally. It has been settled by this court in the case of Dickson v. Young, 202 Iowa 378, 210 N. W. 452, that, in order to make a good pleading on a charge of conspiracy, all that is necessary is to set up the facts, and it need not be alleged that they constitute a conspiracy. The illegal acts which the plaintiff claims as a basis for his charge of conspiracy are based upon the following sections of the statute:

"8338-c7. * * * G. * * * except as otherwise permitted by this chapter, aircraft shall not be flown—

"1. Over the congested parts of cities, towns, or settlements, except at a height sufficient to permit of a reasonably safe emergency landing, which in no case shall be less than one thousand feet.

"2. Elsewhere at height less than five hundred feet, except where indispensable to an industrial flying operation.

"H. No flight under one thousand feet in height shall be made over any open-air assembly of persons except with the con-

sent of the secretary of state. Such consent will be granted only for limited operations.

"I. 1. [Acrobatic flying is defined.]

"2. No person shall acrobatically fly any aircraft—

"a. Over a congested area of any city, town, or settlement.

"b. Over any open-air assembly of persons or below two thousand feet in height."

Section 8338-c8 provides: "Any person violating any of the provisions of this chapter, shall be guilty of a misdemeanor," etc.

The plaintiff alleges numerous violations of the various provisions of the chapter referred to as a basis for his charge of conspiracy.

The question that we meet at the threshold of the case is whether or not these statutes are binding on the state in its sovereign capacity. In Morris v. State ex rel. Walcott, 88 Okl. 189, 212 P. 588, 589, it is said, in substance:

"The presumption obtains that it was the legislative intent to exclude the state from the operation of a statute, * * * for the reason that laws are ordinarily made for the government of citizens and not of the state," in its sovereign capacity.

In Ann. Cas. 1912A, 1215, many cases are gathered on this proposition, and the rule is there stated in the following terms:

"The rule may therefore be stated to be that where the effect of a general statute would be to restrict the rights of the state, to affect its interests, or to impose liabilities upon it, the statute will be held to be inapplicable to the state unless it is named expressly or by necessary implication." See the cases there cited.

In 59 Corpus Juris, p. 1103, section 653, the rule is thus stated:

"The state and its agencies are not to be considered within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication."

Many cases are cited supporting this text.

358

It must necessarily follow, then, that the fact that the state, in its sovereign capacity, was conducting this state fair, the afore-quoted statutes which are made the basis of the charge of conspiracy to do illegal acts are not applicable to the state. Without this there is no sufficient fact stated in the allegations of the petition which could be made a basis for a charge of conspiracy. Without this, therefore, the plaintiff, in his petition and amendment and amended and substituted petition, does not state a cause of action, and the court was right in sustaining the motion to strike the petition and amendment thereto. See, also, Curtis & Hill Gravel & Sand Co. v. State Highway Comm., 91 N. J. Eq. 421, 111 A. 16; Fidelity & Deposit Co. of Maryland v. State Bank of Portland, 117 Or. 1, 242 P. 823; Inhabitants of Whiting v. Inhabitants of Lubec, 121 Me. 121, 115 A. 896; Commonwealth et al. v. Allen, 235 Ky. 728, 32 S. W. (2d) 42; Jackson v. Loftin, 102 Ark. 144, 143 S. W. 895. Under this line of authority it cannot, therefore, be said that the state was a party to, or engaged in, an illegal or unlawful act.

Having reached the conclusion that the allegations in the amended and substituted petition do not state a cause of action against the fair board, we are next confronted with the question of whether or not they state a cause of action against the defendants as the individual members of said board. We have answered this question so many times that it hardly needs citation of authority. However, in the case of State v. Cameron, 177 Iowa 262, 269, 158 N. W. 470, 472, L. R. A. 1916F, 578, under similar circumstances and conditions, we said:

"The society is an arm or agency of the state, organized for the promotion of the public good and for the advancement of the agricultural interests of the state. As stated, the defendants, as members of the executive committee, were acting for and in place of the state board of Agriculture. *The state board being an agency of the state, the members of the board, while in the discharge of their duties as such members, stand in the place of the state, and their action is the action of the state.* [Italics ours.] See Lane v. Minnesota State Agricultural Society, 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708, in which case the court held:

" 'The state may and must commit the discharge of its sovereign political functions to agencies selected by it for that purpose. Such agencies, while engaged exclusively in the discharge

of such public duties, do not act in any private capacity, but stand in the place of the state, and exercise its political authority. Therefore, when the state creates public corporations solely for governmental purposes, such corporations, while engaged in the discharge of the duties imposed upon them for the sole benefit of the public, and from the performance of which they derive no compensation or benefit in their corporate capacity, are clothed with the immunities and privileges of the state; and no private action, in the absence of an express statute to that effect, can be maintained against them for negligence in the discharge of such duties.' "

This rule has been quite uniformly followed in this state in the following cases: Packard v. Voltz, 94 Iowa 277, 62 N. W. 757, 58 Am. St. Rep. 396; Snethen v. Harrison County, 172 Iowa 81, 152 N. W. 12; Gibson v. Sioux County, 183 Iowa 1006, 168 N. W. 80; Hibbs v. School District, 218 Iowa 841, 251 N. W. 606; Smith v. Iowa City, 213 Iowa 391, 239 N. W. 29.

A very enlightening case on all these questions raised by the plaintiff is the case of Morrison v. Fisher (MacLaren), 160 Wis. 621, 152 N. W. 475, L. R. A. 1915E, 469, which is an identical case with the one at bar, where an accident occurred on the state fairgrounds of Wisconsin, under a contract with the same concern with whom the Iowa state fair board contracted in the present case.

It necessarily follows, therefore, that the plaintiff's amended and substituted petition, and amendment thereto, do not show a cause of action against the defendants herein as individuals. The plaintiff not having alleged a cause of action against the defendants, the district court was right in sustaining the demurrer and the motion to strike.—Affirmed.

DONEGAN, C. J., and KINTZINGER, ANDERSON, MITCHELL, PARSONS, RICHARDS, HAMILTON, and STIGER, JJ., concur.