6bm265
132    303

### Colcord *vs* Seamonds.                    CHANCERY.

ERROR TO THE BOURBON CIRCUIT.                    *Case* 52.

#### *Liens.  Subrogation.*

JUDGE BRECK delivered the opinion of the Court.                    *Oct.* 23.

In 1840, Colcord sold and conveyed to Silas Hedges The case stated. a tract of land in the county of Bourbon, for about twenty five thousand dollars, which, as recited in the deed, was "in hand paid and secured to be paid." At the time of this sale, Seamonds held a note upon Colcord for $533 09, due 1st March, 1842, and at the instance of Colcord, he agreed, and did take the note of Hedges for the same amount, and due at same time, in lieu of his note upon Colcord. Upon receiving the note of Hedges, Seamonds surrendered to Colcord his note, who thereupon credited the note of Hedges for the purchase money for the land for the same amount.

In August, 1842, Hedges having become insolvent, and about fifteen thousand dollars being still due Colcord as the residue of the consideration, sold and conveyed back to him the land in payment thereof, which Colcord. at same time sold to Seamonds for nine thousand dollars. When Seamonds made the purchase, he claimed a lien upon the land for the note which he had received upon Hedges, and which he still held, no part of which having been paid. Colcord denied that Seamonds was entitled to a lien, but it was agreed, if the law gave it to him, it should be allowed out of the price he was to pay for the land. Seamonds subsequently exhibited this bill, asserting his right to a lien, and claiming a credit upon the notes held upon him by Colcord, for the amount of his note upon Hedges. The Court decreed that he was entitled to a lien *pro rata* with Colcord, for the residue of the purchase money due him when he re-purchased the land, but that the value of the land should be fixed by the sale from Colcord to Seamonds, and not by the rate at which the former had re-purchased from Hedges.

Upon this principle there was decreed to Seamonds $299 14, and to reverse that decree Colcord prosecutes this writ of error. Seamonds also objects to the decree and assigns cross errors.

The important question in the case is, whether upon the acquisition by Seamonds of the note upon Hedges, a lien atttached in his favor upon the land for its payment.

It appears that when the note was executed, Hedges was in good credit, and there is no evidence that security of any kind was required by Seamonds or of any express agreement or understanding between any of the parties upon the subject of a lien. In the absence of any express stipulation for a lien, did Seamonds acquire one by implication or subrogation? The note from Hedges to Seamonds was as between Hedges and Colcord in point of fact a payment of that much of the purchase money. Hedges was thereby discharged absolutely to that extent, from liability to Colcord, and as between them the effect was the same as the payment of that much money. As between Hedges and Seamonds the transaction was the same in effect as if Hedges had borrowed of Seamonds that amount of money for the express purpose of paying it to Colcord as part of the purchase money for the land and he had so paid it. As between Colcord and Seamonds, it was in effect a payment by the latter for Hedges of that amount of the consideration for the land. But Colcord did not thereby incur any liability to Seamonds. He did not guaranty the payment of Hedges' note; nor did he assign or transfer to him any of his rights. When he had released Hedges, as he did, by crediting the note he held on him, from that much of the purchase money for the land, the transaction so far as he was concerned was consummated and closed; and its only effect upon him was the reduction of his claim upon Hedges. Neither Hedges nor Seamonds stipulated for any thing more, and we think, there was no implied surrender, cession or transfer of any thing more. Even if the effect of the transaction upon the parties could be regarded the same, as it would have been, had Hedges been indebted to Colcord and the amount secured by a mortgage, still no lien would at-

tach in favor of Seamonds to the prejudice of Colcord. In that case considering the transaction as a payment to Colcord of a part of his mortgage debts, either as made by Seamonds or by Hedges by means obtained from Seamonds for that purpose, Seamonds by subrogation would acquire a lien under the mortgage, but it would be subordinate to the lien of Colcord for the residue of his mortgage debt. This principle we understand to be well settled. It was recognised by this Court in *Hunt* vs *Fox*, (5 *B. Monroe*, 327.) So in this case, if Seamonds, as between him and Hedges acquired a lien, which we think questionable it was subordinate and must be postponed to the prior lien of Colcord for the residue of his unpaid purchase money.

If then, there was no express stipulation by Seamonds for a lien, and he would not be entitled to one by subrogation, so as to affect the right or lien of Colcord, do the circumstances of the transaction authorize the presumption that it was even intended by Colcord or supposed by Seamonds that the lien of the former as to the residue of his purchase money was to be affected by the transaction? We think not. The strong probability is from the high credit of Hedges at the time, that the idea of a lien did not occur to any of the parties.

There is certainly no evidence that Seamonds at the time looked to a lien for indemnity. It results then that the decree in any view of the case is erroneous. But the question arises whether Seamonds, although not entitled to the relief granted, was not entitled to relief to some extent. We think not; for even if it were conceded that he had a lien subject to the lien of Colcord, still taking into consideration the amount of purchase money due Colcord when he re-purchased the land from Hedges, and the amount for which he immediately sold it to Seamonds, it is, we think, perfectly manifest that the land was not more than adequate to the payment of Colcord. And the immediate purchase by Seamonds for a much less sum should be conclusive upon him as to that fact. Besides, there is nothing in the record tending to show that the land was worth the purchase money due Colcord. The sale to Seamonds is evidence that it was not.

H. purchased of C. a tract of land and gave his note for part of the price to S. to whom C. was indebted, and C. gave H. credit for the amount. H. failing, C. took back the land at a less price and sold it to S. for a less price than H. had agreed to give—Held that without an agreement to that effect, no lien attaches in favor of S. which would not be subordinate to the lien of C. for the sum due to him for the consideration unpaid.

To decree a sale therefore at this time with a view to as. certain whether there would or not be a surplus, would be doing injustice to Colcord and ought not to be tolerated.

Wherefore the decree is reversed and the cause remanded with directions to dismiss complainant's bill with costs.

*Hanson,* for plaintiff: *M. C. Johnson and R. Clark,* for defendant.