[No. 3272.    Decided July 24, 1899.]

WESLEY WILSON, *Appellant,* v. I. A. WOLD, *Respondent.*

CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS—RIGHT OF JUDGMENT DEBTOR TO REALTY DURING REDEMPTION PERIOD.

The statute allowing a purchaser of real estate at execution sale the rents and profits during the period allowed for redemption was one affecting the remedy and became no part of the law of the contract; hence, the enactment of Bal. Code, § 5299, which entitles the·judgment debtor to possession, and to the rents, issues

and profits of his real estate sold on execution during the redemption period, does not impair the obligation of contracts, although entered into prior to its passage.

PRINCIPAL AND AGENT—LIABILITY OF AGENT TO THIRD PERSONS.

.The right of action by a third person, who has knowledge that defendant was merely an agent, to recover money rightfully collected by the agent for his principal, is against the principal and not against the agent.

Appeal from Superior Court, King County. — Hon. WILLIAM HICKMAN MOORE, Judge.  Affirmed.

*Robinson & Rowell,* for appellant.

*Fred H. Peterson* and *L. P. Wilhelm,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—In May, 1897, a money judgment was rendered in favor of George F. Aust against the appellant, Wilson.  The judgment was given upon an indebtedness arising upon an open account incurred by appellant in the year 1896.  In July, 1897, certain real property of appellant was sold upon an execution to satisfy that judgment, and Aust became the purchaser at the sale.  The sale was confirmed and the purchaser appointed respondent, Wold, to collect rent of the premises.  Shortly before the expiration of the year allowed by law for redemption, appellant redeemed.  This action was brought to recover the rents received by respondent, as agent for the purchaser, during the redemption period.  The action was dismissed in the superior court on the ground that § 5299, Bal. Code, which went into effect March 16, 1897, was unconstitutional in so far as it applies to debts contracted prior to its passage. This appeal is from the judgment and order of dismissal.

Prior to the passage of § 5299, *supra,* a purchaser of real estate at execution sale was entitled to the rents and profits during the period allowed by law for redemption. That section provides as follows:

" In all cases hereafter wherein any real estate or other property is sold, either under execution, foreclosure or other judicial proceedings, which is at the time of such sale by law subject to redemption, the judgment debtor, or those claiming by, through or under him, shall, as against the purchaser, or those claiming by, through or under him, be entitled to the possession and to the rents, issues and profits of such real estate or property during the full period provided by law for the redemption of the same."

Respondent insists that the law existing at the time when a debt is incurred enters into and forms a part of the contract of indebtedness, and that a person entitled to enforce such contract is entitled to protection against any change in existing remedies affecting materially his rights under the contract, and he cites and relies upon *Swinburne v. Mills,* 17 Wash. 611 (50 Pac. 489, 61 Am. St. Rep. 932), and *Bettman v. Cowley,* 19 Wash. 207 (53 Pac. 53). With this insistment we do not disagree, but we think the cases cited are easily distinguishable from the present one. *Swinburne v. Mills, supra,* involved the constitutionality of ch. 50, Laws 1897, pp. 70 to 76, inclusive. The plaintiff in that case was the holder of a mortgage on real estate. Under the law of the state in existence at the date of the execution of the mortgage, he was entitled upon foreclosure to an immediate sale, and the purchaser at such sale to the immediate possession of the property, subject to the right of redemption. The effect of the legislation called in question in that case was to postpone the date of sale for one year from the entry of judgment. The act also provided for an appraisal of the property, and imposed terms and conditions upon the mortgagee which, in the judgment of the court, impaired and lessened the value of his mortgage.

The case of *Bettman v. Cowley* involved the constitutionality of §§ 5148 and 5150, Bal. Code (Laws 1897,

p. 52), fixing the life of a judgment at six years, and repealing prior provisions of the law authorizing a renewal. The effect of that legislation upon contracts or judgments theretofore entered into or rendered is thus stated in the opinion of the court (19 Wash. 216):

" The action of the legislature has not only tended to lessen the efficacy of the means which then existed, it has not only tended to retard the enforcement of the contract, but it has destroyed the means of its enforcement altogether, *and has supplied no other means in its stead.*"

We have no desire to depart from the doctrine announced in those cases, but we think the present case does not fall within any principle decided in either of them. It cannot be claimed that the act now under consideration deprives the creditor of a remedy for the enforcement of his contract; nor that such remedy is not full, complete and ample. The right to rents and profits of real estate sold upon execution did not result from the contract of indebtedness. It was a matter of legislative favor. It was conferred upon the *purchaser at the sale,* who might or might not be a party to the contract terminating in the judgment. The statute conferred the right upon the purchaser regardless of whether he was a party to the contract or not. The enforcement of the contract was not postponed or retarded by the act in question. It deprived the creditor of no remedy, and left his right to collect his debt unimpaired. The sale that was made was for an amount sufficient to satisfy the judgment. The contract was merged in the judgment and satisfied with it. The rights of the purchaser at that sale were fixed by the statute in force at the time it was made. That statute constituted the full measure of his rights, and, when the judgment creditor became the purchaser at the sale, he acquired no greater rights than any other purchaser could. It will not do to hold that a change in the

26—21 WASH.

law, which occurs after a contract is fully satisfied and discharged, impairs the obligation of it. The change could not affect the contract, because there was no contract upon which it could operate; the creditor had his money— the full sum contemplated by the contract—and the purchaser got just what the statute in force at the date of sale provided he should get. No right was injuriously affected by the change. Our conclusion upon this branch of the case is that the superior court erred in holding the act in question unconstitutional.

But the judgment must be affirmed upon another ground. As observed, respondent here was merely the agent of the purchaser. The fact of his agency was known to the appellant. At the time of their collection the law entitled him to collect these rents, and, had not the appellant subsequently redeemed the property, respondent's principal would have been entitled to retain the rents so collected. So that originally the money was rightfully received by respondent as agent for his principal, the purchaser at the sale. The fact of agency being known, appellant's right of action was against the principal, and not against the agent. The law upon this question is, we think, too well settled to admit of doubt or controversy. *United States v. Pinover,* 3 Fed. 305; *Colvin v. Holbrook,* 2 N. Y. 126; *Hall v. Lauderdale,* 46 N. Y. 70; 1 Am. & Eng. Enc. Law (2d ed.), p. 1119.

In his brief, counsel for the respondent has insisted upon an affirmance upon this ground, regardless of the disposition made by the court of the question first discussed herein. No reply has been made to such argument by appellant's counsel, and upon the record before us, the judgment must be affirmed.

FULLERTON, ANDERS and REAVIS, JJ., concur.