## Murphy v. Sawyer & Warford.

(Decided March 6, 1913.)

### Appeal from Fulton Circuit Court.

Brokers—Contract Giving "Exclusive Privilege" to Sell—Effect of.—
Where the owner of a farm placed it in the hands of real estate

agents under a contract giving them the "exclusive privilege" of selling the land within a year, he put it out of his power to sell the land himself within this time, and having sold it within a few months after the contract was made, and at a time when the brokers were making diligent efforts to sell, he became liable to them for the amount of the commission stipulated in the contract.

ED THOMAS for appellant.

HESTER & HESTER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In November, 1911, the appellant, Murphy, entered into a written contract with the appellees, Sawyer & Warford, who were real estate agents, placing with them his farm for sale. The contract contained the following provision:

"This contract is to remain in force for a period of twelve months from this date. Said property is valued by me at $17,500, cash trade, and I agree to accept ........dollars for same, payable as follows: ........ dollars cash and the balance in......... and ...... .. years in equal installments. I am giving the above named firm the exclusive privilege of selling or trading said property, and agree to pay a commission of 2½ per cent on the purchase price, said commission to be taken from first cash payment."

In 1912, Sawyer & Warford brought this suit against Murphy, alleging that after making the contract, they advertised the land extensively and were making every effort to sell it when Murphy, in March, 1912, sold the property to H. J. Chaney for $17,500, and they sought to recover from Murphy the commission specified in the contract on this sum, amounting to $438.75.

For answer to this suit Murphy, after admitting the contract and the sale by him of the land to Chaney, averred that it was a part of the contract between him and Chaney that in the event Sawyer & Warford could find a purchaser for the farm at the contract price, Chaney would consent that Murphy might sell and convey the land to such purchaser, and averred that both he and Chaney were willing and ready to do this if Sawyer & Warford found a purchaser.

After the affirmative matter in the answer was controverted of record the parties went to trial before a jury.

Sawyer & Warford testified as to the execution of the contract and the sale of the land by Murphy to Chaney, and said it ended their efforts and opportunity to make a sale. Murphy said on his examination that, although he had sold the land by written contract to Chaney, it was verbally agreed between himself and Chaney that Chaney would surrender his right to take the farm if Sawyer & Warford found a purchaser for it within the year, and that he so notified Sawyer & Warford, and in this evidence he was corroborated by Chaney.

At the conclusion of all the evidence the court instructed the jury to find a verdict in favor of Sawyer &. Warford for $400, which they did, and judgment was entered accordingly.

On this appeal counsel for Murphy insist that the case should have been submitted to the jury under instructions advising them, in substance, that if the verbal arrangement before mentioned was made between Chaney and Murphy, and Chaney was willing that the land might be conveyed to any purchaser secured by Sawyer & Warford, they should find for Murphy; the argument in support of this being that the verbal agreement between Chaney and Murphy was enforceable, as they both expressed their willingness to carry it out.

We think the court correctly ruled that the verbal agreement between Chaney and Murphy was not enforceable by any person, and that the written contract which gave to Sawyer & Warford the "exclusive privilege" to sell the land fixed the rights of the parties and deprived Murphy, or any other person acting for him, of the privilege of selling the place within the year specified in the contract, assuming, of course, that Sawyer & Warford were making reasonable and diligent efforts to make a sale, as the evidence shows they were up to the time the land was sold to Chaney.

If Murphy had only given Sawyer & Warford the exclusive agency to sell the land, we think this would not have deprived him of the right to find a purchaser and make a sale, but only have denied him the right to make a sale through another agent. But he did more than give them an exclusive agency. He gave them the exclusive privilege, and this condition took it out of his power to sell the land himself or through other agents without accounting to Sawyer & Warford for the stipulated commission. Of course, when Murphy sold the land within a few months after he made the contract with Sawyer &

Warford, he deprived them of the privilege of selling the land within the time mentioned in the contract and did not give them opportunity to find a purchaser, as they might have done, before the contract expired. This conduct on the part of Murphy constituted a breach of his contract with Sawyer & Warford, and gave them, as a matter of law, the right to recover in damage the commission stipulated in the contract.

The judgment is affirmed.