## Brown v. Wayne County Board of Supervisors.

(Decided September 26, 1924.) .

### Appeal from Wayne Circuit Court.

1. Taxation—Valuation of Land by Circuit Court Based on Evidence as to Facts Not Disturbed.—Valuation placed by circuit court upon land on appeal from valuation by board of supervisors held not to be disturbed, under evidence presenting question of fact.

2. Taxation—Neither Board of Supervisors nor Commonwealth Liable for Costs though Valuation of Board Reduced on Appeal.—Though landowner appealing from judgment affirming findings, as to value of land, or board of supervisors, obtained a considerable reduction, neither board nor state government, of which it is an arm, was liable for costs, in view of Ky. Stats., section 885, there being no charge of bad faith, but costs incurred by board or Commonwealth should not be charged against landowner.

3. Taxation—Wrongful Taxing of Costs Against Landowner on Appeal from Valuation of Land Held Curable Without Reversal.—Wrongful taxing of costs of Commonwealth or board of supervisors against landowner securing considerable reduction in valuation of land on appeal to circuit court does not require a reversal, but circuit court will be directed to correct judgment.

DUNCAN & BELL for appellant.

J. C. DAVIS, CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Brown complains that the board of supervisors of Wayne county fixed the valuation of his lands, timber and improvements at an amount in excess of that fixed for other lands in the taxing district where the same are located and asked that the assessment be reviewed and the valuation reduced. He failed to list his real prop-

erty for the taxing year 1921. When the board of supervisors met they gave him notice to appear and list the same. He did go to the courthouse where the board was in session but failed to obtain admission when he knocked on the door, and went away and did not return. The board then listed his land at $12,000.00, timber at $15,000.00 and improvements at $3,000.00, a total of $30,000.00. He appealed to the Wayne quarterly court, where a hearing was had, but the finding of the board of supervisors was affirmed and judgment entered accordingly. From this judgment Brown appealed to the Wayne circuit court, where the matter was again heard, the court reducing the valuation from $30,000.00 to $15,000.00, but assessed the cost against appellant Brown. Being dissatisfied with the judgment of that court he appeals here.

The evidence is rather brief and not altogether satisfactory. Many pertinent facts were not inquired into. Not a witness qualified to speak upon the subject was asked to state the fair cash value of the land estimated at the price it would bring at a fair voluntary sale. There is evidence, however, showing that the lands of appellant Brown were the best in that district for farming purposes, and further that he had some virgin timber of considerable value. The acreage of his several tracts is not made certain although it is estimated by appellant at 1,600, while other witnesses fix it higher. The lands of other owners in the immediate vicinity are shown to have been listed at a lower valuation. There is evidence to the effect that those lands were less valuable than appellant's. Only a question of fact was presented, and we are unable to say from the evidence in the record that the learned circuit judge did not correctly fix the valuation of appellant's lands, timber and improvements. The judgment in this respect will not be disturbed.

2. The second contention of appellant is that the circuit court failed to tax the cost of the appeal against appellee, board of supervisors, but on the contrary taxed it against appellant, although appellant obtained a considerable reduction in the judgment from which the appeal was prosecuted.

The board of supervisors is an arm of the state government. It has discretionary powers. There is no charge that it acted in bad faith in fixing the valuation of appellant's property. The board, therefore, was not liable for cost. Neither is the Commonwealth. Section 885, Kentucky Statutes; Davis v. Norman, 101 Ky. 599;

James v. Walker, 148 Ky. 73. We held in the case of Commonwealth v. Todd, 9th Bush 708, that a successful defendant in a suit with the Commonwealth cannot recover costs against it but is not liable for the cost incurred by the Commonwealth. It would seem the circuit court erred to the prejudice of appellant in taxing the cost against appellant Brown. This is not, however, necessarily reversible error. The lower court is directed to correct its judgment to this extent. In all other respects the judgment is affirmed.

Judgment affirmed.