## Glenmary Land Company v. Stewart.

(Decided January 18, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Vendor and Purchaser—Contract to Convey Lots Free from Incumbrances for Paving made Vendor Liable for Paving Assessment, though Apportionment Warrants Therefor were Not Issued Until After Delivery of Deed.—Contract for sale of city lots at street intersection, which provided title was to be free from all incumbrances, including paving of street, held to render vendor liable to pay assessments for paving on both streets, which was laid at time of contract, though warrants for work on one of intersecting streets were not issued until after delivery of deed.

2. Vendor and Purchaser—Obligations of Parties with Respect to Payment of Paving Assessments on City Lots Held Fixed at Time of Execution of Contract.—Rights and liabilities of parties contracting for purchase of city lots were fixed by contract with reference to liability for paving assessments, and not by date of execution or delivery of deed.

3. Contracts—Ambiguous Contract will be Construed Most Strongly Against Person Drafting It.—Where contract is susceptible of two meanings, it will be construed most strongly against person who drafted and prepared it.

4. Vendor and Purchaser—In Contract to Convey City Lots Free from "Incumbrances" for Paving, Incumbrances Included all Present and Future Liens for Existing Paving.—In contract for conveyance of city lots free from incumbrances for paving, where intersecting streets had been paved at time of contract, term "incumbrances" as used included all liability or liabilities to which land was then subject or was liable to be made subject by reason of street improvements in existence at time of contract.

HENRY J. TILFORD for appellant.

SQUIRE R. OGDEN and GORDON & LAURENT for appellee.

Opinion of the Court by Judge Sampson—Affirming

Appellee, Stewart, by written contract of date September 27, 1923, purchased lots Nos. 71 and 72 in the Glenmary subdivision to Louisville, agreeing to pay and did pay therefor $3,500.00 cash, it being provided in the contract that "said lots to be conveyed to me by general warranty deed with usual covenants and the title is to be free from all encumbrances including the paving of street and installing fire hydrants but excepting all taxes for 1924 which I will assume in the deed and agree to pay."

The lots lay at the intersection of Glenmary avenue and Ransdell avenue. At the time of the making of the contract both these streets had been newly paved but the work had not yet been accepted by the city nor had apportionment warrants been issued to the contractor, but this was done on October 1st for Glenmary avenue. Apportionment warrants for the work on Ransdell avenue were not issued until November 13th. Appellant land company paid the cost of the paving of Glenmary avenue but refused to pay that of Ransdell avenue, $373.34, and this suit was instituted in the Jefferson circuit court by appellee against the land company to obtain a construction of the contract and to require the land company to pay the amount of the apportionment warrants with interest which had theretofore been paid by appellee, Stewart. The chancellor found that it was the duty of appellant land company under the contract to pay the cost of paving Ransdell avenue and so decreed, and it is from that decree that this appeal is prosecuted.

For the land company it is insisted that the cost of improvement of streets does not become a lien on the land until an apportionment warrant is issued, and the case of Warfield v. Erdman, 19 Ky. Law Rep. 1229, 43 S. W. 708, is relied upon as supporting this position. It further insists that it fully discharged its obligation to convey the property "free from all encumbrances including the cost of street construction," when it paid the apportionment warrant for Glenmary avenue, on which street the property faced, and was not obliged to pay the cost of the construction of Ransdell avenue, a neighboring cross-street which was not accepted by the city and for which no apportionment warrant was issued until nearly six weeks after appellant had conveyed the property to appellee. In argument appellant company says, "Since the property faced and abutted on Glenmary avenue and the word 'street' was used instead of the word 'streets,' it is obvious on the face of the contract that Glenmary avenue and not the intersecting cross-street, Ransdell avenue, was the 'street,' the cost of constructing which appellant was to pay." And further arguing it says, "Inasmuch as the apportionment warrant for Ransdell avenue had not been issued at the time of the making of the contract relied on by appellee, there was no lien on the property and the construction of the street was not an encum-

brance within the legal meaning of that term at the time of the conveyance on October 25, 1923, pursuant to the contract.''

The contract was prepared by the agents of the land company. A few days later the company executed a deed pursuant to the contract and received the full purchase price. This deed, however, was made after the apportionment warrant for the Glenmary avenue had been issued but before the apportionment warrant for Ransdell avenue was issued. Upon these facts the company undertakes to draw a distinction. Acknowledging that it was liable for the cost of improving Glenmary avenue for which the apportionment warrant was issued on October 1st, subsequent to the making of the contract but previous to the making of the deed, it says it is not liable for the cost of improving Ransdell avenue because the apportionment warrant was not issued for that work until November, some time after the deed was made. This position we do not think well taken. The property was purchased by appellee, Stewart, on September 27th, when the contract was made. He then became bound to take the property and the company became bound to convey it to him upon the payment of the price. The deed made later was merely evidence of the sale made on September 27th, and the respective rights and liabilities of the contracting parties were fixed by the contract and their obligations are referable to that date and not to the date of the deed. On that date appellee proposed to purchase the lots and his proposition was accepted, one of the conditions being that the lots would be conveyed to appellee by deed of general warranty with the usual covenants and with title free from all encumbrances including the paving of street. Had the contract provided for a conveyance of the lots by deed of general warranty free from all encumbrances it might be concluded that only mortgages and similar liens were intended to be provided against, but in this contract it is provided that the conveyance shall be by general warranty deed containing the usual covenants, free from all encumbrances including the paving of street. All encumbrances ''including the paving of street'' must be held to embrace all liens and encumbrances of whatsoever nature, including the cost of paving the street or streets which were a lien, or about to become a lien against the property. In other words,

it would appear that the parties intended by the contract that the lot should be conveyed free of all encumbrances in such way as to make complete title to appellee without the payment of other money for streets and hydrants.

No rule is better established than that when a con tract is susceptible of two meanings, it will be construed strongest against the party who drafted and prepared it. Bowser v. Patrick, 23 Ky. Law Rep. 1579, 6 R. C. L. 849; Wallace v. Cook, 190 Ky. 262, 13 C. J. 544. While the contract before us does not seem to be susceptible of more than one meaning, yet if it is that meaning must be attributed to it which is strongest in favor of appellee, Stewart, and strongest against the appellant land company. Following this rule it must be held that the contract for the sale of the lots was intended to mean that the purchaser would be protected against all encumbrances including the cost of street improvement on any and all streets touching and abutting upon the property.

There is yet another reason why the contract should be construed to include encumbrances created by paving the street. The lots were to be conveyed; the contracts were prospective, and "the title is to be free from all encumbrances including the paving of street." The streets were already paved. That was plain to be seen. The deed was yet to be made and it was to be free from all encumbrances of street improvements. The word "encumbrances," as employed in the contract, was broader than its usual legal significance. It included all liability or liabilities to which the land was then subject or was liable to be made subject by reason of street improvement then made. So read and understood, the contract clearly imports that the land company would make a deed to appellee, Stewart, for the two lots free from all encumbrances on account of street improvements then made, whether the apportionment warrants had been issued or not. Had the parties meant less than this they would have stated in the contract that the title was to be free from all encumbrances, or free from all encumbrances including the paving of Glenmary avenue. We think, however, that the construction put upon the contract by the land company when it paid the street assessment for Glenmary avenue was correct and that that construction was equally applicable to the situation when the cost of the improvement of Ransdell avenue came up for settlement, because there is no sound basis for a distinction

between the encumbrance created by the Glenmary avenue improvement and that which resulted from the improvement of Ransdell avenue. For the reasons indicated the judgment is affirmed.

Judgment affirmed.