## Boggess Realty Company v. Miller et al.

(Decided February 12, 1929.)

OLDHAM CLARK and BECKHAM, HAMILTON & BECKHAM, (JOSEPH W. CAMBRON, of counsel), for appellant.

O'NEAL & O'NEAL for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

A contract was entered into between the appellant and the appellees which is in terms as follows: "I hereby authorize and empower the Boggess Realty Company or any of its agents, to sell the property above described for the sum of $25,000.00. In the event of sale being made, I agree to promptly pay a commission of five per cent. of the selling price. The selling price must be agreeable to me. This contract to be sole and exclusive for three months and thereafter until sixty days written notice has been given. In the event of sale by other parties, I agree to pay a commission of five per cent. to the Boggess Realty Company."

This contract was signed on January 21, 1926. On February 23, 1926, the appellees gave the appellant notice that the contract should be terminated at the end of 3 months·from its date. Thereafter, that is, after the

3 months had expired, the appellees without the assistance of any real estate agent sold the property. This took place on May 14, 1926. They refused to pay appellant a commission. It instituted suit against them, and the lower court at the conclusion of all of the evidence sustained the motion of the appellees that an instruction be given to the jury directing it to return a verdict in their favor. The appellant insists that the contract was binding and that a proper interpretation of its terms means that it was to have the exclusive privilege of selling the property for a period of 5 months from the date of the contract. It is true that appellant advertised the property for sale after the contract was made, and that he took prospective purchasers to the property and in that manner incurred expenses. We are willing to accept as correct its contention that the contract was a binding obligation on the parties during the period it was to run by its terms. Whether it was to run 3 months or for 3 months and 60 days thereafter is a different question.

The general rule is that a contract giving a broker the exclusive privilege to sell property during a definite and fixed time prohibits the sale of the property by any other person during the time, including the owner of the property, and if it is sold by another person, including the owner, the broker holding the contract is entitled to the commission provided in the contract. If, however, the contract is only an exclusive agency to sell the property during the period of the contract, it does not prohibit the owner's selling the property during the life of the contract, as such a contract prohibits only any other agent or agency selling the property. In the case of Murphy v. Sawyer & Woodford, 152 Ky. 645, 153 S. W. 991, this court announced the rule that, when the owner gives only an exclusive agency to sell the land, he is not deprived of the right to find a purchaser and make a sale, but is only denied the right to make a sale through another agent. It was also held in that case that if the contract gave the exclusive privilege to the agent to sell the property, no one else, including the owner, could sell it during the life of the contract. This rule is also found in 9 C. J. 622, and in 4 R. C. L. 260. There is considerable doubt in our minds whether the contract under consideration gave appellant the exclusive privilege to sell the property or the exclusive agency to sell it. It probably was only an exclusive agency, but leaving that ques-

tion to one side, we will consider the meaning of the contract as to the time which it was to run.

The provision that it is "to be sole and exclusive for three months and thereafter until sixty days written notice has been given" is ambiguous and susceptible of more than one construction. The proof shows that the contract which was signed by appellees was prepared by the appellant and the particular part of the contract under consideration was a printed form used by the appellant. This being true, the contract, if ambiguous, should be construed most strongly against the appellant. If appellees had meant to give the appellant 5 months in which to sell the property, it would have been easy to have expressed it in the contract. Instead, the definite time is limited to 3 months, and then follows the provisions quoted above, that it should continue thereafter until 60 days' written notice should be given that it was to be terminated. Notice was given on February 23d, and if that notice fulfills the requirement of the contract it expired 60 days thereafter, provided the 3 months' period had expired at that time. Sixty days from the giving of the notice expired about the 24th day of April. The 3 months mentioned in the contract at that time had also expired. The property was not sold by appellees until May 14th. We are of the opinion that the contract was terminated at the expiration of 60 days from the date that the notice was given. If that is true it follows as a matter of course that the contract had expired when the sale was made, and the appellees were under no obligation to pay a commission to appellant, unless there is something else in the record which would change the matter.

It is insisted by appellant that it did not have the co-operation of appellees in its efforts to sell the property, and that they hindered it in its efforts and prevented a sale of the property. Appellant offered no testimony that it produced a purchaser who was willing to purchase the property on the terms contained in the contract. The appellees did not refuse, therefore, to convey the property to any purchaser who had been obtained by appellant, but appellant contends that Mrs. Miller advised it that she did not intend to sell the property even if it found a purchaser; but, accepting this as true, that afforded the appellant no grounds for ceasing its efforts to make the sale, as it had a written contract which protected it in

the event it should find a purchaser and appellees should fail to comply with the terms of the contract.

An examination of the record and a consideration of all the points made by the appellant in its behalf has led us to the conclusion that the lower court did not err in peremptorily instructing the jury to return a verdict in favor of the appellees.