## Zachem v. S. G. Adkins & Son.

(Decided December 13, 1929.)

120

WILSON & ROBINSON for appellant.

WAUGH & HOWERTON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

I. J. Zachem owned a house and lot in Ashland, and on May 18, 1923, he made a written contract with S. G. Adkins & Son, by which he constituted them "for the period of five days from the date hereof, and until thereafter revoked by me in writing, my sole and exclusive agents to advertise and sell the property." The contract also contained these provisions: "I will accept the net price of $11,000, and protect the said agents in any price above that amount as their compensation, to be retained from initial payment of purchaser or any less price I may accept."

On the day that the contract was made S. D. Adkins took Harry Malofsky and Lena Malofsky, his wife, to look at the property. They were pleased with it and wanted to buy it for $12,000. On May 24th, Zachem sold the property for $12,000 to I. Bernstein. Thereupon Adkins & Son brought this suit against Zachem to recover the commission of $1,000, alleging that they had presented to Zachem a purchaser and that after this, contrary to his agruement, Zachem had sold the property to Bernstein for the same price. Zachem by his answer denied the allegations of the petition and pleaded that

the words giving Adkins the right to be paid his commission out of the cash payment were inserted in the contract by mistake or fraud. He prayed a reformation of the contract. The proof was taken by depositions; the court refused to reform the contract and, conceiving that the action was submitted on the merits, entered judgment for the plaintiff. On motion of defendant this was set aside and a jury trial was ordered. On the trial of the case before a jury there was a verdict and judgment for the plaintiff. The defendant Zachem appeals.

The proof for Zachem on the trial was to the effect that the Malofskys did not have the money to make the cash payment, and that he declined their offer to buy the property for this reason. On the other hand, it is insisted that the proof for the appellees fairly shows that they offered to pay down $3,000 and that Adkins offered to take their note for $1,000, this being his commission, and give them time to pay this. While the Malofskys, on the trial, testified stating the facts as stated by Zachem, Mrs. Malofsky had made affidavit in May, 1923, stating the facts positively as Adkins stated them. Appellant earnestly insists that though these be the facts, still the plaintiff cannot recover, for the reason that Zachem was not required to accept a purchaser who was only paying $3,000 down and executing his note to Adkins for a thousand dollars. He insists that this note would have been a lien upon the property, and that therefore Adkins was not required to agree to this arrangement. But if the purchaser had paid down $4,000, Zachem would only have been entitled to $3,000 of the money. It was no concern to him whether this other thousand dollars was paid to Adkins or a note given to Adkins for it, unless the note would have been a lien upon the land. It is clear from the evidence that there was a mortgage on the property. The purchaser was to assume the mortgage. He was to accept the deed on these terms. If Adkins had taken a note, such a note would not have been a lien upon the property as against the subsisting mortgage at least, and if a lien upon the property at all it would have been subordinate to the rights of Zachem, when it was accepted by Adkins as cash. There was no suggestion that a lien was to be retained in the deed to secure this note. On the contrary, the purport of the evidence was that Adkins would give the purchasers a short time to pay his commission. It was simply a personal risk he proposed to take. This being true, Zachem was without authority to reject the

proposed purchaser because this thousand dollars was not paid cash. As Adkins proposed to take the purchaser's note in lieu of cash, to make up the $4,000 cash payment, after accepting the note in lieu of cash, he could not have asserted a lien on the land to the prejudice of Zachem, Colcord v. Seamonds, 6 B. Mon. 265, and he would have had no lien under the statute as against purchasers or creditors, unless reserved in the deed, Ky. St. sec. 2358.

On the question whether Adkins produced a purchaser who was ready, able, and willing to pay even the $3,000 cash payment, which he says was to be paid, the evidence fails to establish that he did so. Adkins does not undertake to say what amount of money the Malofskys had. He does say that they said they had $3,000, and that he saw a large amount of money in their possession. But he admits that he did not count it, and does not know how much it amounted to. The Malofskys testify that the largest amount they could have raised was $2,-500. True, Mrs. Malofsky had made an affidavit to the effect that she did have the $3,000; but this affidavit, like the statements made by the Malofskys to Adkins, was not substantive testimony, and was admissible solely for the purpose of contradicting Mrs. Malofsky and them, and thus affecting her and their credibility. It was satisfactorily shown that all the money the Malofskys had in the bank at the time Adkins procured them as purchasers was the sum of $1,770. They testify that they had, in addition to this, about $200 cash on hand, and that they could probably have raised $500 more. But all this does not come to quite $2,500. The record does show they owned a stock of goods in a clothing store, but how large or small this stock was, or whether the $500 was to be raised upon it, the record is silent. After a careful consideration of all the testimony, the court is forced to the conclusion that the testimony is not sufficient to show that Adkins produced a purchaser who was willing and able to pay the $3,000 and give his note to Adkins for $1,000.

A contract giving the broker an exclusive agency to sell the property does not deprive the owner of a right to sell it himself. Boggess Realty Co. v. Miller, 227 Ky. 813, 14 S. W. (2d) 140. But the owner cannot so sell in violation of his contract after the agent has procured a purchaser and tendered him to the owner. Appellant insists that the sale to Bernstein was not made within five days after the contract was made, but that is not material,

for the contract was "for the period of five days from the date hereof and until thereafter revoked by me in writing," and there was no evidence that Zachem had revoked the agency.

Judge WILLIS not sitting.