# Hickman County Board of Supervisors v. Hilliard.

(Decided November 20, 1931.)

JOHN R. EVANS and J. D. VIA, J. W. CAMMACK, and GEORGE H. MITCHELL, Assistant Attorney General, for appellant.

JOE BENNETT, for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

The appellee, E. A. Hilliard, is the owner of a farm consisting of 480 acres of land in Hickman county, upon which farm there are two residences and the necessary outbuildings ordinarily found on a farm of this size. For the year 1929, the appellee listed this land for taxation as follows: $13,000 on the land and $2,000 on improvements, making a total valuation of $15,000. The board of supervisors of Hickman county raised this assessment to the sum of $16,380. Being dissatisfied with this action, the appellee appealed from the action of the board to the Hickman quarterly court. A judgment was entered in the quarterly court upholding the action of the board of supervisors, whereupon the appellee appealed to the circuit court. After hearing evidence, the circuit court adjudged that the fair cash value of the land and improvements was $15,000. Therefore a judgment was entered reversing the judgment of the quarterly court and that of the board of supervisors and fixing the valuation of this land for taxation at $15,000. The board of supervisors has prosecuted this appeal from the judgment of the circuit court.

We have carefully examined the evidence in this case. About an equal number of witnesses testified on each side with equal certainty as to the valuation of this land; the appellee's witnesses placing the valuation of the land at $15,000 and the witnesses for the appellant fixing it at $16,380, as fixed by the board of supervisors.

It will readily be observed that the controversy between the appellee and the board of supervisors is only $1,380. It would indeed require a highly developed knowledge of real estate values to definitely establish this difference in valuation. The only question before us on this appeal is the value of this farm, and, as the parties fix the valuation so near the same, we cannot say that the chancellor erred. His judgment fixed the valuation of $15,000. There is no brief in this record by the appellee, and the only brief for the appellant is that filed by the Attorney-General's office, which official made an honest effort to present the question from the viewpoint of the board of supervisors, but says in his brief that he has had no assistance from the local officials of Hickman county. Therefore he was compelled to search this record and present the views of the county and board of supervisors as he gathered them from the record, which is purely a question of fact.

It is an established rule that this court will not reverse the finding of the circuit court on a question of fact unless his decision is against the weight of the testimony. It is certain in this case, in view of the evidence, that the judgment of the trial court was not against the weight of the testimony. In the case of Grant county Board of Supervisors v. Williams, 204 Ky. 722, 265 S. W. 286, 287, this court said:

> "The board of supervisors have appealed. The judge of the lower court saw and heard the witnesses, perhaps was acquainted with them, and was in a better position to determine their credibility and the value of their testimony than are we. In a case of this character his judgment should not be reversed, unless it is clearly against the weight of the evidence." To the same effect is Brown v. Wayne County Board of Supervisors, 204 Ky. 550, 264 S. W. 1073; Commonwealth v. J. B. Clay & Co., 215 Ky. 125, 284 S. W. 428.

We are of the opinion that the evidence amply supports the judgment and is not opposed to the weight of the evidence.

Therefore the judgment is affirmed.