## Petty, County Sheriff, v. Coleman, Auditor, et al.

(Decided January 26, 1932.)

LESLIE W. MORRIS and JAMES R. PARR for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On the trial of Anna Richards in the criminal branch of the Jefferson circuit court on the charge of keeping a disorderly house, she was found guilty and fined in the sum of $350 and costs. Afterward she was confined in the Jefferson county jail for 17 days, and her fine of $350 was credited for that period at the rate of $2 a day, amounting to $34, thus leaving a balance due the commonwealth of $316, and costs amounting to $11.20, making a total of $327.20. For that amount she thereafter . executed before the Jefferson circuit court clerk a replevin bond, with one L. R. Mahan as surety. The bond not being satisfied, the clerk issued an execution thereon for the aforesaid sum, and the costs incurred by the sheriff of Jefferson county, aggregating the sum of $399.65. The execution was placed in the hands of the sheriff and levied on property owned by Mahan, the surety. During the month of August, 1930, the sheriff advertised the property for sale on September 1, 1930, at the door of the Jefferson county courthouse. On that day he offered the property for sale, but, there being no bidder, he was unable to sell it. The bill for advertising was $17.28, and the appraiser's fee was $5. Thereafter claims for these amounts were presented to the auditor for payment, but payment was refused on the advice of the Attorney General.

This action was then brought in the Franklin circuit court under the Declaratory Judgment Act (Civil Code of Practice, secs. 639a-1 to 639a-12) by Hubbard R. Petty, sheriff of Jefferson county, against the auditor and the Attorney General for the purpose of determining whether he should incur such expenses in the performance of his duties, and whether he or the commonwealth is liable therefor, and whether or not he may obtain credit therefor on remittances of general funds to the auditor.

To the petition the defendants interposed a demurrer. The court held (1) .that the plaintiff, as sheriff, being required by law to advertise and having appraised the land to be sold under execution, must in such cases comply with the law in the performance of his duties; (2) that said items of advertising and appraisers' fees are items of costs and not expenses; (3) that the plaintiff is not liable therefor personally, or as sheriff; and (4) that the commonwealth is not liable therefor, but

that such costs should be paid by the defendant in the execution, or from the proceeds of the sale of the property when sold. The court then sustained the demurrer to, and dismissed, the petition. The sheriff appeals.

The argument ably pressed on behalf of appellant may be summarized as follows: The statute, except in cases where the appraised value of the property to be sold is less than $100 to be ascertained by appraisement in each case, as provided by law, requires that, in addition to posting the notices, all public sales of any kind of property, when sold under execution, judgment, or decree, shall, unless otherwise agreed upon by the parties, be advertised in some newspaper published in the county of such sale, if any there be, for at least once a week for three consecutive weeks next preceding the day of sale, section 14a-1, Kentucky Statutes; that the duty of advertising and having the property appraised devolves upon the sheriff, section 1682, Kentucky Statutes; and that for a delay in advertising more than 20 days he is subject to a fine of not less than $5 nor more than $20 and costs for the use of the party making the motion, and is also liable for damages on his bond to the party aggrieved, section 1712, Kentucky Statutes; and the appraiser's fee and expense of advertising are other expenses incident to the discharge of his official duties, and therefore such as he should have credit for under section 359a-1, Kentucky Statutes.

In view of the prevailing statutes, there can be no doubt that appraisers' fees and the expense of advertising in judicial proceedings are "costs," sections 14a-3, 1745 and 1745a, Kentucky Statutes, and therefore not mere expenses incident to the sheriff's discharge of his official duties for which he may have credit in his settlement with the auditor under section 359a-1, Kentucky Statutes.

As there is no statute making the commonwealth liable for costs in a proceeding like the one here involved, and the commonwealth does not become indebted by implication, Wortham v. Grayson County Court, 13 Bush 53; Davis v. Norman, 101 Ky. 599, 42 S. W. 108, 19 Ky. Law Rep. 812; Brown v. Wayne County Board of Supervisors, 204 Ky. 550, 264 S. W. 1073, it results that there is no ground for holding that the items in question should be paid by the commonwealth, and, that being true, it also follows that appellant is not entitled to be

190

credited with such items in his settlement with the auditor.

Nor do we find in the statutes any provision imposing on appellant as sheriff, or in his individual capacity, the obligation to pay appraisers' fees or the expense of advertising sales like the one here involved. In Ellis v. Casey, 12 Ky. Law Rep. 508, a similar question arose before the superior court. After adverting to the fact that there was nothing in the statute making the sheriff liable for the cost of advertising, the court said: "To hold him responsible would be as unreasonable as it would be to make him liable for the fees of a witness whom he had summoned." If it be argued that the newspaper may refuse the advertisement, unless payment be guaranteed by the sheriff, and thus place him in a position where he will be liable to a fine and damages on his bond for delay in advertising, it is sufficient to say that the refusal of every newspaper in the county to publish the advertisement will be a sufficient excuse for his failure to advertise.

Doubtless it is true that there should be a statute providing that in cases like the one here presented the sheriff should pay the costs and take credit therefor in his settlement with the commonwealth but the duty of solving the difficulty rests with the Legislature and not with the courts.

From what has been said it follows that the rulings of the Franklin circuit court were correct.

Judgment affirmed.

Whole court sitting.