## Hawkins & Chamberlain et al. v. Mathews et ux.

(Decided March 11, 1932.)

JOHN E. SHEPARD for appellant Anna Hengehold.

JOSEPH GOODENOUGH for appellants Hawkins & Chamberlain.

BERT J. KING for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming in part and reversing in part.

Anna Hengehold owned a house and lot in Covington, which she wished to sell for $9,000; she listed it with Hawkins & Chamberlain, who were real estate brokers in Covington. Chamberlain was the assistant secretary of the Liberty Building & Loan Association, which maintained an office in the same building as Hawkins & Chamberlain. Claude Mathews and Margaret Mathews, his wife, were looking for a house, and came to see Hawkins & Chamberlain, who proposed then to sell them the Hengehold property. They did not have the money to buy the property, and Chamberlain told them. that, if they would buy it, he could negotiate a mortgage on it for $6,000 with the Building & Loan Association. Acting. upon this assurance of Chamberlain, they entered into the following written contract:

"I, Anna Hengehold of Covington, Kentucky, have this 31st day of July, 1929, bargained and sold to Claude and Margaret Mathews through Hawkins & Chamberlain, Real Estate brokers, a certain parcel of property, (here follows description), at the

agreed price of Nine Thousand ($9,000,) Dollars, to be paid as follows; At least $1500.00 plus an amount of not less than $6,000, obtained on loan in a building association secured by a first mortgage, to be paid in cash; balance evidenced by notes bearing interest at 6% per annum, payable within two years, $600.00 or more of which is to be payable within one year. Said payment of notes to be secured by a mortgage second only to the first mortgage above mentioned.

"And I agree to execute and deliver a good and sufficient Warranty deed when purchase money is paid by Claude and Margaret Mathews, his wife, or their assigns. . . .

"We hereby acknowledge receipt of Five Hundred ($500.00) Dollars, to bind the bargain, which is paid to Hawkins Chamberlain, Real Estate Brokers, until final settlement. Said deposit of $500.00 to be returned if title proves defective.

"[Signed] Anna Hengehold.

"We agree to purchase the property above described on the conditions and terms set out.

"[Signed] Claude Mathews.
"Margaret Mathews."

After the contract was made and $500 was paid to Hawkins & Chamberlain, the parties undertook to get the building and loan association to furnish the $6,000 on a mortgage on the property. But the building and loan association did not have the money to loan, and, after making various efforts, in vain, to secure such a loan from other associations, the contract could not be carried out, and Mathews and wife brought this suit to recover the $500 which they had paid. By answer and cross-petition Mrs. Hengehold and Hawkins & Chamberlain sought the enforcement of the contract. On final hearing, the judgment was entered for the plaintiffs. The defendants appeal.

The following rules are well established where the parol evidence does not tend to vary or contradict the written contract:

"Contracts must be construed from the standpoint of the parties, and the terms employed must be given effect from that viewpoint." Koppers Co.

v. Asher Coal Mining Co., 226 Ky. 496, 11 S. W. (2d) 114, 115.

"A rule of likewise universal application is that, to aid the court in determining the intention of the parties, it may consider their situation and circumstances, the conditions surrounding them at the time of making the contract, and the object intended to be accomplished thereby. The essential thing is for the court to look at the contract from the standpoint of the parties at the time they executed it, and the purpose they had in view in doing so. See cases, supra." Keen v. Ross, 186 Ky. 259, 216 S. W. 605, 606.

"No rule is better established than that, when a contract is susceptible of two meanings, it will be construed strongest against the party who drafted and prepared it." Glenmary Land Co. v. Stewart, 217 Ky. 638, 290 S. W. 503, 504.

The evidence shows that Mathews and wife are people of moderate means, and that the real inducement to them to go into this contract was the statement of Chamberlain that the building and loan association would take the mortgage for $6,000. They did not know anything about the building and loan association until Chamberlain told them about this, and they would not have made the contract but for this assurance of Chamberlain. After the contract was made, the crash in the financial world came along, and, when the parties undertook to close the deal, real estate in Covington had greatly declined in value.

The contract could not be carried out because the $6,000 mortgage would not be accepted. The evidence showing these facts does not impunge the written contract, for it expressly provides that the price is to be paid among other things thus: "An amount of not less than $6,000, obtained on loan in a building association, secured by first mortgage." The contract is executory. By its words the above is one of the conditions of the contract, and, when this condition could not be carried out, the contract is not enforceable. As the contract could not be carried out, appellees were entitled to the return of the $500 paid under the contract. This money was paid under the contract of Anna Hengehold, and was paid pursuant to the contract to her agents Haw-

kins & Chamberlain, and, as the contract was not carried out, she is liable to appellees for the money so paid to her agents by her authority.

But Hawkins & Chamberlain, who only acted as the agents of Anna Hengehold, are not jointly liable with her to the appellees for this money, and no judgment should have been rendered against them in favor of appellees. Wilson v. Wold, 21 Wash. 398, 58 P. 223, 75 Am. St. Rep. 846, and cases cited. The court does not find from the evidence that they were guilty of any fraud, and rests its judgment on the language of the contract and the fact that they were not parties to it. They may be primarily liable to Mrs. Hengehold for the money, but they are not adversary parties on this appeal, and this question is reserved. Robenson v. Yann, 224 Ky. 56, 5 S. W. (2d) 271.

Judgment reversed as to Hawkins & Chamberlain and affirmed as to Anna Hengehold.