## Theatre Realty Company v. P. H. Meyer Company.

(Decided March 18, 1932.)

HITE H. HUFFAKER and JOHN R. MOREMAN (GLENN R. DONALDSON, of counsel), for appellant.

GROVER SALES for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Appellant owned a lot on Fourth street and after having the plans prepared by an architect let the contract for the building of the theater to the Fuller Company of Chicago; that company sublet the ventilating, heating, and plumbing work to the Woodling Company, who sublet to the Meyer Company the plumbing work for the sum of $12,715. The Meyer Company brought this action against the Theatre Company, alleging that in addition to the work called for in its original contract it had done work amounting to $406.90, making in all $13,121.90, upon which it had been paid $11,645.24, leaving a balance of $1,476.66, for which a lien was asserted on the property. Appellant filed a general demurrer to the petition. The demurrer was overruled. It then filed answer controverting certain allegations of the petition and pleading affirmatively certain offsets against the claim asserted. The case was referred to a commissioner to report on the complicated account. A large mass of evidence was taken. The commissioner reported that there was a balance due the Meyer Company of $1,182.01. Both sides filed exceptions to the report. All the exceptions were overruled by the court and the commissioner's report was confirmed. The Theatre Company appeals and the Meyer Company prosecutes a cross-appeal from the judgment entered thereon.

The first question presented on the appeal is that the defendant's general demurrer to the petition should have been sustained. By section 2463, Kentucky Statutes, a person who performs labor or furnishes material in the erection, altering, or repairing of a house by contract with or by the written consent of the owner, contractor, or subcontractor shall have a lien upon the land to secure the amount thereof with cost subject to this proviso:

"Provided, that no person who has not contracted directly with the owner or his agent shall

acquire a lien under this section unless he shall notify in writing the owner of the property to be held liable or his authorized agent, within thirty-five days after the last item of said material or labor is furnished, of his intention to hold said property liable, and the amount for which he will claim a lien.''

By section 2468, Kentucky Statutes, the lien is dissolved unless the claimant, within six months after he ceased to labor or furnish materials, files in the office of the clerk of the county court a statement of the amount due him, and by section 2470 the lien is dissolved unless an action is brought to enforce the same within twelve months from the date of filing the account in the clerk's office.

The plaintiff alleges in its petition that its contract with the Woodling Company was entered into October 15, 1927; that the work contracted for with the extra work ordered at various times, the dates of which are set forth in the exhibit filed with the petition, was concluded about September 13, 1928; that on October 4, 1928, the plaintiff gave notice of its lien and the amount of its claim, and on November 24, 1928, filed its statement in the county clerk's office. The action was brought on December 19, 1928, to enforce the lien, and on December 20, the Theatre Company gave bond under section 2478, Kentucky Statutes, to perform the judgment and had the lien discharged.

It is earnestly insisted that though the allegations of the petition, on its face, are sufficient, the petition is contradicted by the exhibit filed therewith, and is therefore insufficient. It is insisted that the exhibit controls the petition and shows that the last work was done on the contract on June 18, 1928. The first item in the statement is in these words: ''October 15, 1927 To Contract No. 2337 $12,715.00.'' Then follow a number of items of additional work, the last of which is in these words: ''June 18, 1928, To installing in toilets of basement rooms, labor order No. 4681-H (Toilet Fixtures) $14.52.'' The exhibit must be read as a whole. The contract was made on October 15, or at least was received by the Meyer Company on that day and entered then upon its book. Plainly the first entry on the account does not mean that the contract for $12,715 was performed on October 15, 1927, for that was the day the contract was

finally concluded and there is no showing on the exhibit when this contract was performed. Although the last item on the account is dated June 18, 1928, and although it is not shown by the exhibit when this work was done, certainly it is not shown by the paper that the contract for $12,715 was performed at that time. The testimony for the plaintiff is to the effect that these dates were put on the book at the time the contract was made and at the time the orders for the additional work were received, and this is the fair meaning of the exhibit read as a whole.

It is also insisted that the Woodling Company was a necessary party to this action and should have been made a defendant. But by section 92 of the Civil Code of Practice, subsec. 4, it is provided as a ground for a special demurrer as follows:

"That there is a defect of parties, plaintiff or defendant. Either of said grounds of objection, shown to exist by a pleading, is waived, unless distinctly specified by a demurrer thereto."

No special demurrer was filed. This objection was not made as provided by the Code in the circuit court and cannot be raised here for the first time. Hall v. Cumberland Pipe Line Co., 193 Ky. 728, 237 S. W. 405; Kentucky-Elkhorn Coal Corp. v. France, 212 Ky. 273, 278 S. W. 578; Johnson v. Whitley County, 219 Ky. 275, 292 S. W. 797.

The plans drawn by the architect provided for a standpipe and certain attachments back of the wall at the rear of the stage of the theater. This was a part of the permanent structure set out in the plans drawn by the architect. But the plans of the architect were not sent to the Meyer Company. The contractors had their agent to prepare an offer of a contract which had attached to it nine pages of specifications. This offer was accepted by Meyer in writing. He did not see the specifications, as drawn by the architect, or know anything about them. The specifications, which were submitted to him and on which his contract was made, did not include the standpipe, above referred to, and when the time came for putting in the standpipe he refused to put it in on the ground that it was not within his contract. The contractor thereupon did put in the standpipe

as it was required by the architect's specifications. The cost of it was $953.69. Appellant earnestly insists that when Meyer accepted the contract which was offered to him, he knew that was based on an architect's plan and that the architect's plan should be read into the contract. But Meyer expressly testifies that he did not know anything about the architect's plans and made his bid on the plan submitted to him. The rule is that a contract is read liberally in favor of the person who accepts it rather than in favor of the person who draws it and submits it to the other person for acceptance. In other words, the person who accepts a contract is not bound beyond the fair meaning of the writing which he accepts. A careful consideration of the papers submitted to Meyer, which itemized the work which he was to do, satisfied the court that this standpipe back of the wall in the rear of the stage was not included in the specifications which were submitted to him. A fair reading of the contract, as written, does not permit any other conclusions. The subsequent conduct of the parties tends also strongly to confirm this. In Glenmary Land Co. v. Stewart, 217 Ky. 635, 290 S. W. 503, 504, the rule is thus stated:

"No rule is better established than that, when a contract is susceptible of two meanings, it will be construed strongest against the party who drafted and prepared it. Bowser v. Patrick, 65 S. W. 824, 23 Ky. Law Rep. 1579; 6 R. C. L. 849; Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; 13 C. J. 544."

To same effect see Boggess Realty Co. v. Miller, 227 Ky. 813, 14 S. W. (2d) 140.

On the cross-appeal a number of items of additional work, which were not allowed by the commissioner, are relied on for a reversal of the judgment, amounting in all to $294.65. But the proof on these matters was very conflicting. If the proof for the defendant is true the commissioner was right. If the proof for the plaintiff was true the commissioner was wrong. The question simply turns on the credibility of the witnesses. These matters were minutely investigated by the commissioner and on exceptions to his report by the circuit court. In such cases the court gives some weight to the finding of the commissioner supported by the judgment of the cir-

cuit court, and on all the facts here the judgment cannot be disturbed.

Judgment affirmed on the original and on the cross-appeal.