## Mammoth Cave National Park Association v. Whittle & Demunbrum.

(Decided April 27, 1934.)

RODES & HARLIN for appellant.
WHITTLE & DEMUNBRUM for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

The Kentucky National Park Commission was established by an act of the Legislature in 1928. See Ky.

Stats. Supp. 1933, sec. 3766e-1 et seq. The commission is given power to condemn property for a national park, and it is the duty of the Attorney General to act in behalf of the commission in any proceeding where his services are necessary. It is also the duty of the commonwealth attorney to represent the commonwealth in the circuit court in any condemnation proceedings. The Mammoth Cave National Park Association is also a corporation created by the laws of Kentucky for the promotion of the enterprise of establishing a national park in the Mammoth Cave region. It may acquire lands and caves for that purpose, but it has no power of condemnation. The commission has no power to employ attorneys in condemnation cases. So when local counsel is employed the employment is made by the Park Association. Rodes and Harlin were attorneys employed by the Park Association and resided at Bowling Green. Whittle & Demunbrum were attorneys at Brownsville, Ky. In the spring of 1930, the commission had been unable to agree with the owner of the Great Onyx Cave property, or of what was known as the New Entrance Cave. Harlin and Whittle were out fishing together, and Harlin suggested to Whittle that the above cases would probably have to be brought and that if they were he would like to have Whittle & Demunbrum as local counsel in the cases. After talking the matter over with Demunbrum, he wrote Rodes and Harlin a letter at Bowling Green, and they wrote and suggested that he come down there and talk the matter over with them. He went home and wrote them the following letter:

"Confirming our conversation of May 24th: We are willing to represent the Mammoth Cave National Park Association in condemnation proceedings to acquire the Great Onyx Cave properties for a fee of One Thousand [$1,000.] Dollars, provided we are paid an additional Five Hundred Dollars if these properties are finally acquired for a sum not exceeding $125,000.00. Our fee is to attach when the proceedings are filed. Of our fee Five Hundred Dollars [$500.00] is to be paid when the proceedings are filed, and the balance when the litigation is finally disposed of.

"We are also willing to represent the Association in condemnation proceedings to acquire the New Entrance Cave properties for a fee equal to

that above and payable on the same basis—it to attach as of the filing of that proceedings, with the same provision that we are to be paid an additional Five Hundred [$500.00] Dollars if these properties are finally acquired for a sum not exceeding One Hundred Twenty Five Thousand Dollars.

"Pleas confirm this promptly, if it meets with the approval of the Association. .

"Yours very truly,

"Whittle & Demunbrum

"By Chas. E. Whittle."

Rodes and Harlin referred the letter to the Mammoth Cave Association, which accepted the proposition. After this the commission filed a condemnation suit against the Great Onyx Cave property. That suit was tried and the fee of Whittle & Demunbrum was paid in that case. After that case was tried the Park Commission settled with the owner of the New Entrance Cave property and no suit to condemn this property was filed. Whittle & Demunbrum sought in this action to recover $1,000 against the association as their fee in this matter, the law and facts were submitted to the court, and judgment was rendered in favor of the plaintiffs. The defendant appeals.

The case presents simply the question of the proper construction of the written contract. Did the plaintiff's right to a fee as to the New Entrance Cave property attach when their proposition was accepted, or did it attach on the filing of the proceedings to condemn that property?

"No rule is better established than that, when a contract is susceptible of two meanings, it will be construed strongest against the party who drafted and prepared it. Bowser v. Patrick, 65 S. W. 824, 23 Ky. Law Rep. 1579; 6 R. C. L. 849; Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; 13 C. J. 544." Glenmary Land Co. v. Stewart, 217 Ky. 638, 290 S. W. 503, 504. To the same effect, see, Hawkins, etc., v. Mathews, 242 Ky. 732, 47 S. W. (2d) 547.

"The rule is that a contract is read liberally in favor of the person who accepts it rather than in favor of the person who draws it and submits it to the other person for acceptance. In other words, the person who

accepts a contract is not bound beyond the fair meaning of the writing which he accepts.'' Theatre Realty Co. v. P. H. Meyer Co., 243 Ky. 346, 48 S. W. (2d) 1, 2.

By the terms of the written proposal as to the fee of Whittle & Demunbrum as to the New Entrance Cave properties, it was stated: ''It to attach on the filing of that proceeding.'' The natural meaning of these words is that it did not attach until the proceeding was filed. Any ordinary person would naturally so understand it. Neither suit to condemn the land had then been filed, and if this transaction had occurred with a natural person and neither suit had ever been filed, it is hard to believe that the attorneys would have asserted a right to the contract fee of $1,000 in each case against him. The fact that it was thought necessary to express the meaning in two paragraphs instead of including both properties in the first paragraph is strongly persuasive that the parties understood that a suit might be brought in one case and not in the other. The Park Association is a public agency created for the public purpose of preserving Mammoth Cave, and a liability may not be created against such an agency by a strained construction of the contract. Com. v. Allen, 235 Ky. 728, 32 S. W. (2d) 42; Petty v. Coleman, 242 Ky. 187, 45 S. W. (2d) 1041. As the fee attached on the filing of the petition and none was filed, the plaintiffs cannot recover.

Judgment reversed, and cause remanded for judgment consistent herewith.